## Upper Darby Township Appeal.

Argued November 22, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

*Philip J. O'Malley,* with him *Paul R. Sand,* Township Solicitor, for appellant.

*Robert E. J. Curran,* with him *Kassab, Cherry, Curran & Archbold,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 17, 1964:

After a properly advertised public hearing, the Board of Commissioners of the Township of Upper Darby, on June 7, 1960, enacted Ordinance No. 1534, amending the Township Zoning Ordinance by changing the classification of land on the North Side of Marshall Road, from Long Lane to Ashton Road, from B-Business to R-3 Residential.

R-3 Residential zoning allows for certain uses accessory to residential uses, such as "the professional office or studio of a doctor, dentist, teacher, artist, architect, musician, lawyer, justice of the peace, real estate broker, or profession or occupation of a similar character". The ordinance provides, however, that such accessory uses are allowed only where "the office or occupational room is located in a dwelling in which the practitioner resides or in a building accessory thereto".

Twelve row duplex dwellings were erected on the land rezoned and appellees acquired a number of these dwellings. Appellees then applied to the township building inspector for a certificate of occupancy authorizing the use of one of the dwellings, 350 Long Lane, as a real estate office. The building inspector refused the permit on the ground that the applicants did not comply with the provision of the zoning ordinance, requiring the applicant to reside in the premises for which the permit was sought. There is no dispute as to this factual question, appellees conceding that they do not reside at 350 Long Lane.

Appellees appealed to the board of adjustment, which sustained the action of the building inspector. An appeal to the Court of Common Pleas of Delaware County followed and that court, without taking additional testimony, made findings of fact and conclusions of law and entered a decree nisi reversing the board of adjustment. The township's exceptions were dis-

missed and a final order entered, directing the issuance of the certificate of occupancy applied for by appellees. The township has appealed the final order of the court below.

Appellees' position throughout the course of this litigation has been that Ordinance No. 1534 is unconstitutional and deprives them of their property without due process of law. This contention is based upon their assertions that the ordinance (1) was not enacted pursuant to a comprehensive plan and (2) the rezoning of the particular tract constitutes spot zoning.

Section 3103 of The First Class Township Code, Act of June 24, 1931, P. L. 1206, 53 P.S. §58103, indeed requires that zoning in first class townships, as in other municipalities, be accomplished in accordance with a comprehensive plan. The construction to be placed upon the phrase "comprehensive plan", as used in the various zoning enabling statutes, is not a novel question before this court. Most recently, in *Donahue v. Zoning Bd. of Adjust.*, 412 Pa. 332, 194 A. 2d 610 (1963), we quoted with approval the language of *Key Realty Co. Zoning Case*, 408 Pa. 98, 182 A. 2d 187 (1962), as follows: " 'To fulfill this requirement, zoning legislation must reflect and implement the totality of a municipality's program of land utilization, considering both the land resources available and the needs and desires of the community. *This does not contemplate a rigid "master-plan" which attempts to answer in minute detail every last question regarding land utilization;* whether that plan be formulated by a planning commission or by the zoning ordinance itself. Nor, on the other hand, should it be, as in [*Eves v. Zoning Board of Adjustment,* 401 Pa. 211, 164 A. 2d 7 (1960)], loose legislation permissive of ad hoc determinations of the land utilization of comparatively small sections of the community.' (Emphasis added)".

The tract of land here in question, slightly less than an acre in area, was rezoned at the request of appellees' grantor. This fact does not in and of itself invalidate the rezoning. *Donahue v. Zoning Bd. of Adjust.,* supra. Nor does the limited size of the plot and the fact that all other properties fronting on Marshall Road, with one exception not here pertinent, are zoned B-Business, necessarily force the conclusion that the enactment is invalid. Reference to the township zoning map discloses that the area rezoned is a natural extension of an already existing R-3 Residential district, adjoining to the north and west. The rezoning under attack is perfectly consistent with the legislative proscription that "Such regulations shall be made in accordance with a comprehensive plan, and designed to lessen congestion in the streets, to secure safety from fire, panic, and other dangers, to promote health and the general welfare, . . .". The ordinance clearly bears a reasonable relationship to the public health, safety and general welfare, and to the overall zoning plan of the township, as disclosed by the zoning map. See *Medinger Appeal,* 377 Pa. 217, 104 A. 2d 118 (1954).

Aside from the consistency of the ordinance with the general scheme of zoning, we are faced with the presumption that the ordinance is valid. In *Jacobi v. Zoning Board of Adj.,* 413 Pa. 286, 289, 196 A. 2d 742, 744 (1964), we said: "[t]here is nothing in the record, however, which would support the argument that the ordinance was not adopted pursuant to a comprehensive plan nor (as was the case in Eves) is there the slightest showing of internal evidence from a reading of the ordinance itself that it was not so enacted. There is a presumption that the ordinance is valid and such presumption has not been overcome. . .". That statement is particularly applicable to the case at bar.

Nor can we brand the ordinance as illegal spot zoning. The area rezoned is not an " '. . . "island" of more or less restricted use within a district zoned for a different use or uses' ".[1] As previously stated herein, the area rezoned is adjoined on the north and west by a large R-3 Residential district and no residential island has been created by the ordinance.

The order of the court below is reversed and the order of the board of adjustment is reinstated.

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I would affirm on the ground that the ordinance is unconstitutional because it has no reasonable or rational relationship to public health or safety or morals.

[1] See *Putney v. Abington Twp.*, 176 Pa. Superior Ct. 463, 108 A. 2d 134 (1954), wherein the Superior Court adopts the singularly apt definition of spot zoning contained in McQuillin, Municipal Corporations, vol. 8, §25.83, pages 144-145.