## Hansen Appeal

*Jack Sirott,* for appellant.

*Leonard B. Sokolove* and *Begley, Carlin, Mandio, Kelton & Popkin,* for appellees.

BIESTER, P. J., October 4, 1966.—This zoning appeal challenges the validity of ordinance no. 423 of the Township of Bristol, which reclassified some four acres of a nine-acre tract owned by Louis J. Pizullo and Catherine P. Pizullo, his wife, from the previous R-1 classification to M-1 light industrial. As a result of the change in classification, the Pizullos were granted a permit to operate an automobile salvage yard.

Appellants are the trustees of the estate of Joseph R. Grundy, deceased, which owns some 230 acres of ground adjacent to the Pizullo tract. That portion of the Grundy estate property which adjoins the Pizullo tract on two sides is zoned P-1 planned industrial; the balance of the Grundy estate tract, and the balance of the Pizullo tract and properties adjacent thereto, are zoned R-1, residential. The planned industrial classification is designed to permit the development of an integrated industrial park, but the ground is vacant at the present time. In effect, the disputed ordinance reclassified the rear half of the Pizullos' residence property so as to permit the development of a junkyard between the balance of the R-1 residential district and the proposed industrial complex.

It does not appear that the Pizullo property possesses any unusual characteristics which justify separate treatment. The separate zoning of this relatively small parcel can scarcely be said to accord with any rational scheme for zoning in the township; the automobile salvage yard is completely at odds with the residential character of the adjacent occupied land, and is almost as inconsistent with any proposed integrated industrial park concept.

In short, this ordinance represents "spot zoning", under any of the various definitions of that term: Mulac Appeal, 418 Pa. 207 (1965); Upper Darby Township Appeal, 413 Pa. 583 (1964); Glorioso Appeal, 413 Pa. 194 (1964). As stated by our Supreme Court in the Mulac case, supra, at page 210:

". . . What is most determinative is whether the parcel in question is being singled out for treatment unjustifiably differing from that of similar surrounding land, thereby creating an 'island' having no relevant differences from its neighbors".

We are obliged to conclude that the Pizullo tract has no relevant differences from its neighbors, and that singling this tract out for special treatment was not permissible.

ORDER

And now, October 4, 1966, for the reasons set forth in the foregoing opinion, the appeal is sustained, and the order of the Zoning Board of Adjustment of the Township of Bristol is reversed.