## Hebeisen *v.* Philadelphia Zoning Board of Adjustment.

332

Argued December 15, 1970, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER, and BARBIERI (who has since been appointed to the Supreme Court and did not participate in the decision).

Louis F. Floge, with him Schnader, Harrison, Segal & Lewis, for appellant, James D. Morrissey, Inc.

Carl K. Zucker, Deputy City Solicitor, with him Matthew W. Bullock, Jr., First Deputy City Solicitor and Levy Anderson, City Solicitor, for intervening appellant, Zoning Board of Adjustment of the City of Philadelphia.

Arsen Kashkashian, Jr., with him Simons, Kashkashian, Nissenbaum & Kellis, for appellees, Frederick Hebeisen, et al.

OPINION BY JUDGE MANDERINO, May 28, 1971:

This is an appeal from an Order of the Court of Common Pleas of Philadelphia County declaring unconstitutional Ordinance No. 220 which amended the Zoning Ordinance for the City of Philadelphia. James D. Morrissey, Inc., is the owner of a rectangular tract of land of approximately twenty-two acres (the Morrissey tract) which, by the above ordinance was rezoned G-2 General Industrial from its former classification of partly R-5 Residential for the top five acres and C-2 Commercial for the bottom seventeen acres. This tract of land has always been owned by Morrissey, who used the seventeen acre portion as storage for vehicles used in his business as a road building and paving contractor. Although such use is not permitted under the C-2 classification, it was permitted as a nonconforming use. The five-acre portion of the tract has always been vacant.

The amendment to the zoning ordinance would, in effect, permit Morrissey to eliminate his nonconforming status on the seventeen-acre portion and allow him to expand his business into the vacant five-acre portion.

After Ordinance No. 220 was passed by City Council and signed by the Mayor, Frederick Hebeisen and the East Torresdale Civil Association appealed to the Philadelphia Zoning Board of Adjustment challenging the constitutionality of the ordinance on the grounds that it constituted invalid "spot-zoning". An extensive hearing was held before the Zoning Board of Adjustment which dismissed Hebeisen's appeal and upheld the validity of Ordinance No. 220. From this decision, Hebeisen appealed to the Court of Common Pleas of Philadelphia County on the basis that the Board's decision was "arbitrary, illegal and constitutes a manifest and gross abuse of discretion and a postive error of law." Although no evidence was taken by the Court of Common Pleas, that court reversed the Zoning Board

of Adjustment and held Ordinance No. 220 to be "spot-zoning" and, therefore, unconstitutional. James D. Morrissey, Inc., has appealed from this decision.

This appeal was originally filed in the Supreme Court of Pennsylvania and under The Commonwealth Court Act (Act No. 185 of January 6, 1970; 17 P.S. 211.13, 1970), was transferred to the Commonwealth Court.

In this appeal, James D. Morrissey, Inc., argues that the lower court, without finding an error of law or an abuse of discretion, had no right to substitute its own judgment, that the ordinance in question constituted illegal "spot-zoning", for the judgment of the Zoning Board that it did not. We agree with this contention.

In this case we are dealing with an ordinance passed by the City Council of Philadelphia. When considering the constitutionality of an ordinance, a court must begin with the premise that the ordinance is valid and constitutional. *DiSanto v. Zoning Board of Adjustment*, 410 Pa. 331, 189 A. 2d 135 (1963). This initial presumption of validity can only be overcome by a court when, "on its face", the ordinance "violates the fundamental law clearly, palpably, plainly, and in such manner as to leave no doubt or hesitation, in the minds of the court." *Bilbar Construction Co. v. Board of Adjustment*, 393 Pa. 62, 141 A. 2d 851 (1958).

Final decisions as to whether or not a zoning ordinance will become law rest in the City Council, as the elected legislative body of the City government. City Council, in passing zoning ordinances, is limited only by the provisions of the Constitution and the promotion of the health, safety, morals and general welfare of the surrounding community. In *Cleaver v. Board of Adjustment*, 414 Pa. 367, 200 A. 2d 408 (1964), the Court stated that, "in connection with general welfare, the nature, the size, and the particular and the general

character of the property in question and of the neighborhood and the district, are important factors which, among others, must be considered by the zoning authorities." Analyzing the above factors in relation to the Morrissey tract, which is the subject of the ordinance passed by the Philadelphia City Council, convinces us that the presumption of the validity of the ordinance rezoning the tract has not been overcome.

An examination of this tract of land with respect to its nature, size and character, and of the surrounding neighborhood indicates that the rezoning of this tract of land was a valid exercise of the zoning power of the City Council.

The Morrissey tract is bounded on the west by Frankford Avenue, an arterial highway, on the north by another arterial highway, Linden Avenue, on the south by a limited access road to the Delaware Expressway and on the east by a City playground and a vacant tract of City land. Immediately to the east of the vacant tract is Torresdale Avenue which is approximately one mile away from and running parallel to the Delaware River. The area between the river and Torresdale Avenue, southwest of Linden Avenue, is all zoned industrial.

The evidence presented before the Zoning Board of Adjustment in this case was extensive. Experts were called by both sides, relating their opinions of the effect of the proposed amendment on the surrounding community. From all the testimony taken the Zoning Board of Adjustment made findings of fact which were substantially supported by the testimony offered by Morrissey's witnesses. The Board in its Finding Number 9, found that with the exception of the City Playground to the east and some residences across Linden Avenue to the north, the area adjoining the subject site in all directions was predominantly industrial and commercial in nature. The Board also found that traf-

fic congestion on Frankford Avenue would be greatly alleviated by a driveway on the portion of the Morrissey tract abutting Linden Avenue. This area had formerly been vacant. The amendment would permit the Morrissey operation to expand into this area and thus afford a second entrance to the tract on Linden Avenue. On the basis of the evidence presented at the hearing the Board concluded that Ordinance No. 220 constituted a valid and reasonable reclassification of the zoning of the Morrissey tract.

Upon re-examination of the record before the Board, the Court of Common Pleas came to different conclusions, supporting these conclusions on the testimony offered by the witnesses called on behalf of Frederick Hebeisen and the East Torresdale Civic Association. The lower court opinion stated that, "We are of the opinion that Torresdale Avenue is the dividing line between industrial and residential neighborhoods, and that the Morrissey tract is well within a residential neighborhood." From this the lower court concluded that the rezoning constituted unconstitutional "spot-zoning."

In *Cleaver v. Board of Adjustment*, the Supreme Court of Pennsylvania defined spot zoning as follows: "Generally speaking, spot zoning is the arbitrary and unreasonable classification and zoning of a small parcel of land. This small parcel is usually set apart or carved out of a surrounding or a large neighboring tract, with no reasonable justification for the differential zoning." 414 Pa. 367, 200 A. 2d 408, 415 (1964). While it is true that the size of the tract is only one of the determining factors (*Mulac Appeal*, 418 Pa. 207, 210 A. 2d 275 (1965)), it is important to note that the Morrissey tract encompasses twenty-two acres. The tract is surrounded on three sides by busy arterial highways which form an effective buffer to any nearby residential areas. To the east toward the Delaware River lies a

large industrial area separated from the Morrissey tract only by a small playground and a vacant lot, both owned by the City. The use to which the Morrissey tract has been put has always been industrial. The Board, in fact, found that the area of the tract which had been zoned R-5 was a totally unreasonable classification in that it would be neither reasonable nor practical to build houses adjacent to the Morrissey operation. In *Gratton v. Conte,* 364 Pa. 578, 73 A. 2d 381 (1950), the Supreme Court stated that where land is particularly unsuitable for uses allowed by its zoning classification, rezoning may be the only way to protect rights which must be recognized.

It is well-settled that when a trial court does not take evidence, its only function is to review the action of the Board on the record made before the Board to determine whether or not the Board committed a manifest abuse of discretion or an error of law. *Pyzdrowski v. Board of Adjustment of City of Pittsburgh,* 437 Pa. 481, 263 A. 2d 426 (1970); *Filanowski v. Zoning Board of Adjustment,* 439 Pa. 360, 266 A. 2d 670 (1970). The Board had substantial testimony on record to substantiate both its findings and conclusions and in reaching those committed neither an error of law or an abuse of discretion. Without finding error in either of those respects, the decision of the Board cannot be overturned.

The opponents to Ordinance No. 220 had no vested right to have the former classification remain forever. Zoning ordinances are not unchangeable. The Morrissey tract was rezoned, in the sound discretion of the legislative body, to conform to that property's long standing use. The decision of the lower court is reversed and the decision of the Zoning Board of Adjustment, upholding the validity of Ordinance No. 220 is reinstated.