Clawson, et al. *v.* Harborcreek Zoning Hearing Board.

Argued March 6, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Warren W. Bentz,* for appellants.

*Eugene J. Brew, Jr.,* with him *Dale & Brew,* for
appellee.

OPINION BY JUDGE BLATT, May 3, 1973:
This case involves a challenge to the validity of an
ordinance rezoning a 45,000 square foot tract of land
in Harborcreek Township (Township) from "R-2 resi-
dential" to "B-1 local business." The property in ques-
tion is currently a vacant lot, but the owner, James E.
Whitby, proposes to erect a convenience store and a

four-unit apartment on it. Such uses are permitted in a B-1 district but not in an R-2 district.

The Whitby tract is located on the southeast corner of East Lake and Nagle Roads. The adjacent property to the east and south is zoned R-2 and consists of residential uses. Directly to the north, across East Lake Road, the property is zoned B-1 and apparently is to be developed as a shopping center. To the west of Whitby's property, directly across Nagle Road, is Lawrence Park Township, the boundary line of the two townships running down the middle of Nagle Road. The Whitby tract is thus on the corner of an R-2 district, with a B-1 district to the north and a separate municipality to the west, where the nearby property is used for residential purposes although the record does not disclose how it is zoned.

The property here in question was rezoned by the Township Supervisors on March 15, 1972, following a recommendation for such rezoning by the Township Planning Commission. Whitby, who is a Township Supervisor, abstained from voting on this occasion, but it has been suggested by the appellants that Whitby "occupies a unique if not advantageous position" which presumably should have disqualified him in some way from obtaining this rezoning. It may be true that his position was unique, but there was no evidence that Whitby used his position improperly, and there is no statutory provision disqualifying him as a Supervisor from seeking a change in zoning as it applies to his own property. The appellants, who are neighboring property owners, appealed from the action of the Township Supervisors[1] to the Township Zoning Hearing

---

[1] Neither party has raised the issue of whether or not an appeal to the Board at this time was premature. Because of the disposition we make of this case we will not consider the issue. See *Roeder v. Hatfield Borough Council*, 439 Pa. 241, 266 A. 2d 691 (1970); *Gerstley v. Cheltenham Township Commissioners*, 7 Pa. Commonwealth Ct. 409, 299 A. 2d 657 (1973).

Board (Board), claiming there that the rezoning constituted spot zoning. Following hearings on this appeal, the Board issued an adjudication holding that the rezoning was not spot zoning, and the appellants then appealed to the Court of Common Pleas of Erie County, which took no additional evidence and affirmed the decision of the Board.

Our scope of review where, as here, the lower court has taken no additional testimony on an appeal from a zoning board but has relied entirely on the record compiled before the Board, is limited to a determination of whether or not the Board committed an abuse of discretion or an error of law. *Filanowski v. Zoning Board of Adjustment*, 439 Pa. 360, 266 A. 2d 670 (1970); *Szmigiel v. Zoning Board of Adjustment*, 6 Pa. Commonwealth Ct. 632, 298 A. 2d 629 (1972); *Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 290 A. 2d 715 (1972). We find no such abuse or error.

The sole issue in this case is whether or not the ordinance rezoning the Whitby property is invalid as constituting spot zoning. "It is undisputed that a zoning ordinance is presumed to be valid and constitutional and that the burden of proving otherwise is upon the person challenging the ordinance. Cleaver v. Bd. of Adj., 414 Pa. 367, 200 A. 2d 408 (1964); DiSanto v. Zoning Bd. of Adj., 410 Pa. 331, 189 A. 2d 135 (1963). Before a zoning ordinance can be declared unconstitutional, the challenging party must prove that its provisions are *clearly* 'arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. If the validity of the legislation is fairly debatable, the legislative judgment must be allowed to control. Village of Euclid v. Ambler Realty Co., 272 U.S. 365.' Glorioso Appeal, 413 Pa. 194, 198 (1964) 196 A. 2d 668. St. Vladimir's Ukrainian Orthodox Church v. Fun Bun, Inc., 3 Pa. Commonwealth Ct. 394, 283 A. 2d 308 (1971)." (Emphasis in original.)

128

*Bidwell v. Zoning Board of Adjustment and Chatham College and City of Pittsburgh,* 4 Pa. Commonwealth Ct. 327, 331, 286 A. 2d 471, 473 (1972). "[T]he responsibility for zoning falls upon the governing body of the municipality involved and not on the courts. . . . It is only in cases where it is obvious that the reclassification has no relationship to the legitimate objects of zoning that a court will interfere. . . . *If it is fairly debatable the ordinance must stand."* (Emphasis in original.) *Trinity Evangelical Lutheran Church v. City Council of Harrisburg, Zoning Hearing Board of Harrisburg and Southland Corporation,* 2 Pa. Commonwealth Ct. 222, 223, 278 A. 2d 372, 373 (1971).

It is true, of course, that, even though the courts of this Commonwealth are reluctant to interfere with the actions of municipal legislative bodies in regard to zoning, they will not let ordinances stand which constitute spot zoning. This doctrine was apparently first established in Pennsylvania by *Huebner v. Philadelphia Saving Fund Society,* 127 Pa. Superior Ct. 28, 192 A. 139 (1937), and it has been explained in *Putney v. Abington Township,* 176 Pa. Superior Ct. 463, 108 A. 2d 134 (1954), as follows: " 'The legislative intention in authorizing comprehensive zoning is reasonable uniformity within districts having in fact the same general characteristics and not the marking off, for peculiar uses or restrictions of small districts essentially similar to the general area in which they are situated. Accordingly, an ordinance cannot create an "island" of more or less restricted use within a district zoned for a different use or uses, where there are no differentiating relevant factors between the "island" and the district. A singling out of one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit of the owner of that lot or to his economic detriment, is invalid as "spot"

zoning.' " 176 Pa. Superior Ct. at 474, 108 A. 2d at 140. "Generally speaking, spot zoning is the arbitrary and unreasonable classification and zoning of a small piece of land. This small parcel of land is usually set apart or carved out of a surrounding or a large neighboring tract, with no reasonable justification for the differential zoning." *Cleaver v. Board of Adjustment,* 414 Pa. 367, 379, 200 A. 2d 408, 415 (1964).

A party challenging an ordinance on the basis that it is spot zoning, however, must carry the burden of proving that the ordinance is invalid. *Hebeisen v. Philadelphia Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 331, 277 A. 2d 832 (1971). This, however, the appellants have failed to do. The topography, location and characteristics of a tract of land may justify its rezoning to a classification different from that of surrounding properties. *Cleaver, supra.* And, if the rezoning in question serves to reclassify a tract of land so that it fits in with the development of the surrounding property, it is probably not spot zoning. *St. Vladimir's Ukrainian Orthodox Church v. Fun Bun, Inc., and Zoning Board of Adjustment,* 3 Pa. Commonwealth Ct. 394, 283 A. 2d 308 (1971). Similarly a municipality may rezone a small piece of property for a use different from that of surrounding uses if such use is in accord with the comprehensive plan and a reasonable use in the area. *Trinity Evangelical Lutheran Church, supra.* And, it has also been held that the natural extension of an already existing district into an adjoining district might not constitute spot zoning. *Upper Darby Township Appeal,* 413 Pa. 583, 198 A. 2d 538 (1964).

In the present case, it is clear that the rezoning of the Whitby property will not create a use inimical to the surrounding area, and, indeed, the majority of the property owners in the immediate area testified in favor of the rezoning before the Board, which made the following findings of fact and conclusions of law:

"1. East Lake Road, which is U. S. Route No. 5, is a major east-west road in the county, and from the Lawrence Park line east for over two miles is predominantly used for business purposes and contains: 1 motel, 4 gas stations, 5 taverns, 2 trailer parks, 1 theater, 1 nursery, 1 insurance agency, 1 club, 1 hardware store, 1 used car lot, 2 oil storage depots, 1 retail grocery store.

"2. The future plan for East Lake Road is business and not residential.

"3. Immediately across East Lake Road from the Whitby property J. Robert Baldwin is developing a huge shopping center on approximately 70 acres, with approximately 1500 feet of frontage on East Lake Road.

"4. The amendment rezoning the Whitby property was made in accordance with a Township Comprehensive Plan."

As indicated by the foregoing and by a careful review of the evidence, the rezoning of the Whitby tract was a continuation of a Township plan to make East Lake Road a commercial area. The Township Supervisors were not merely taking out a small piece of land for treatment different from the surrounding land, but were acting in accord with their comprehensive plan for the development of the entire area, and there was clearly justification for their zoning of the Whitby tract differently from those properties adjoining it to the east and south. While it may be true that this rezoning will result in an economic benefit to Whitby, it is also likely, as the testimony before the Board indicated, to result in a benefit to the surrounding community.

The order of the lower court is, therefore, affirmed.

———

CONCURRING OPINION BY JUDGE CRUMLISH, JR.:

I agree with the majority that the rezoning here involved does not constitute "spot zoning." I think,

however, that the validity of this rezoning is much more apparent than that which was the subject of dispute in *St. Vladimir's Ukrainian Orthodox Church v. Fun Bun, Inc. and Zoning Board of Adjustment*, 3 Pa. Commonwealth Ct. 394, 283 A. 2d 308 (1971), wherein I dissented.

First of all, the location of this and neighboring properties as detailed in the record and in the majority opinion shows that the character of the area in general is decidedly more commercial than was the case in *Fun Bun*. This rezoning was truly a natural extension of the existing business district to include this property. *Upper Darby Township Appeal*, 413 Pa. 583, 198 A. 2d 538 (1964).

Secondly, and perhaps of greater significance, the rezoning in this case was effected in accordance with the comprehensive plan which called for ultimate development of this area of the business district. *See* Concurring Opinion of Mr. Justice ROBERTS in *Mulac Appeal*, 418 Pa. 207, 212, 210 A. 2d 275, 278-79 (1965). As noted in my Dissent in *Fun Bun*, there was no evidence to indicate that the property there was rezoned in accordance with a comprehensive plan. This I consider to be of utmost importance in the consideration of this kind of case.

In summary, I agree that the protesters here have not shown this zoning ordinance to be clearly arbitrary and unreasonable having no substantial relation to the public health, safety, morals or general welfare. *Bidwell v. Zoning Board of Adjustment and Chatham College and City of Pittsburgh*, 4 Pa. Commonwealth Ct. 327, 286 A. 2d 471 (1972).

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. I take no issue with the majority concerning the legal authority cited on the subject of spot zoning. Further, I admit that the appli-

cation of the law to the facts of each individual case dealing with spot zoning is a difficult task and easily susceptible to differences of opinion. However, my reading of the record in this case convinces me that the rezoning of Supervisor's Whitby's lot did constitute spot zoning. I would reverse the order of the lower court.