Manoa Shopping Center, Inc. and/or Mid-Island Properties, Appellant, v. Zoning Hearing Board of Haverford Township, Appellee, and Edwin G. and Isabel S. Poole, et al., Intervening Appellees.

Argued October 5, 1973, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Joseph P. Mylotte,* with him *Alvin S. Ackerman,* for appellant.

*E. J. O'Halloran,* with him, of counsel, *O'Halloran, Stack & Smith,* P.C., for appellee.

*Ernest Kardas,* for intervening appellees.

OPINION BY JUDGE BLATT, January 17, 1974:

Manoa Shopping Center, Inc. (Manoa) is the owner of a shopping center located in Haverford Township, Delaware County, and containing forty-five stores and offices. Manoa sought to enlarge this facility by constructing a nursery retail store located separately at the northern edge of its porperty. It applied for a

building permit, which was denied by the Township building inspector, and this denial was upheld by the Township's Zoning Hearing Board (Board). The Court of Common Pleas of Delaware County, which took no additional evidence on appeal, affirmed the Board.

The essential issue before us is the number of parking spaces which Manoa must provide for the new store, there being no question that the proposed use is a permissible one. The appropriate Township legislation on this matter is an amendment to the Township zoning ordinance adopted on December 11, 1967, Ordinance 1326, which reads, in pertinent part: "Section 1500. Any of the following buildings *hereafter erected,* any buildings *herein converted* into one of the following buildings and any open area *hereafter used* for commercial purposes, shall be provided with at least the minimum off-street garage space or off-street parking space, or both, as set forth below, which space shall be readily accessible to and within a reasonable distance from the buildings served thereby. Such spaces shall be on the same lot as the main building or lot adjacent thereto, except when authorized by special exception.

. . . . "Subdivision 6: Retail store, office building, service office building or commercial building other than those specified above or elsewhere in Ordinance No. 260, as amended and supplemented: 'One garage or parking space for each 50 square feet of gross floor area devoted to patron use, or one garage or parking space for each two persons or a fraction thereof who may be accommodated therein, whichever number of spaces is the greater, but in no event less than five such spaces.

. . . . "Subdivision 9, Open area for commercial purposes: 'One garage or parking space for each 500 square feet of area or fraction thereof.'

. . . . "Subdivision 10, Employee's spaces: 'In addition to the foregoing required off-street parking spaces, one garage or parking space shall be provided for each two employees or a fraction thereof employed at the respective facility.' " (Emphasis added.)

The parking area requirements in existence prior to the passage of Ordinance 1326 were less stringent than the above, and the Board found, as a fact, that: "The said shopping center had more than sufficient parking spaces to satisfy the previous zoning ordinance provisions applicable prior to December 11, 1967." It is Manoa's argument that it not only had sufficient spaces to satisfy the requirements of the previous ordinances, but that in fact it had an excess of 242 spaces beyond those requirements. Manoa contends, therefore, that, because it already had more spaces available than it was mandated to provide for the new retail store by Ordinance 1326 (the Board determined that an additional 236 spaces were required), the already existing spaces would be legally sufficient for the entire shopping center, even with the addition of the new store.

The lower court determined that Ordinance 1326 was applicable to the entire shopping center, including existing structures, and that at best there was a nonconforming use status for any existing parking spaces. It would be necessary, therefore, that Manoa provide additional parking spaces for the new store. We agree with the result reached by the court below and must affirm.

In interpreting Ordinance 1326, we must note that we do not here have a question of whether or not a municipality can amend a zoning ordinance to apply to already existing facilities, because Ordinance 1326 specifically applies only to buildings "hereafter erected." The essential element for the construction of an ordinance, of course, is the intention of the legislative

body. *Clearview Bowling Center, Inc. v. Hanover Borough*, 430 Pa. 579, 244 A. 2d 20 (1968). And where an ordinance is plain and unambiguous and conveys a clear meaning, we need not resort to the rules of statutory construction[1] and the ordinance must be given its plain and obvious meaning. *Cf. Kane v. Allegheny County Retirement Board*, 7 Pa. Commonwealth Ct. 262, 299 A. 2d 686 (1973). While, however, the language of Ordinance 1326 clearly indicates the intent that Section 1500 will not be applied to already existing structures, this does not mean that Manoa may use its "excess" 242 parking spaces in order to provide the 236 parking spaces mandated for the new retail store.

Section 1501 of the Township zoning ordinance provides: "Reduction of Parking facilities: Off-street parking facilities existing at the effective date of this Ordinance shall not subsequently be reduced to an amount less than required under this Ordinance for a similar or new building or new use. Off-street parking facilities provided to comply with the provisions of this Ordinance shall not subsequently be reduced below the requirements of this Ordinance." We must interpret this section, when read in conjunction with the rest of the ordinance, to mean that, even though the new provisions of the ordinance may not apply to existing parking facilities, such facilities may not be further reduced if such reduction will put them (or keep them) below the new standards. Here there seems to be little question that, if the provisions of Ordinance 1326 were applied to Manoa's existing facilities, these would be insufficient. Manoa, therefore, cannot be permitted to reduce its current parking facilities by attributing some of these spaces to the new store. Its plan for the new store must itself include sufficient

---

[1] The rules of statutory construction are applicable to ordinances. *Donahue v. Zoning Board of Adjustment*, 412 Pa. 332, 194 A. 2d 610 (1963).

new spaces to comply with the provisions of Ordinance 1326. Since it does not, the building inspector acted correctly by refusing to grant the building permit requested.

Manoa has also contended that the effect of this ruling will be that the zoning ordinance will unconstitutionally deprive it of the use of the land where it proposed to erect the new retail store. Manoa has failed to show, however, that the required parking spaces actually could not be provided or that a smaller building requiring fewer parking spaces could not feasibly be erected. It has clearly failed to carry the heavy burden of proving that the ordinance is confiscatory, arbitrary or unreasonable. *See Clawson v. Harborcreek Zoning Hearing Board,* 9 Pa. Commonwealth Ct. 124, 304 A. 2d 184 (1973).

For the above reasons, therefore, we affirm the order of the court below.