## Upper Merion Township, Appellant, *v.* Valley Forge Associates, Appellee.

Argued October 10, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Gregory J. Dean,* with him *James E. Meneses,* for appellant.

*Daniel Quinlan,* for appellee.

OPINION BY JUDGE ROGERS, November 15, 1974:

The appellee, Valley Forge Associates, is the owner of an office building located in the "C-O" Commercial-Office Zoning District of Upper Merion Township, Montgomery County. The address of the property is 600 DeKalb Pike. Sections 1401.8 through 1401.8.4 of Article XIV of the township's zoning ordinance provide that only the following kinds, numbers and sizes of signs may be erected and maintained on a single lot in the "C-O" Commercial-Office District:

"1401.8.1

"A sign permitted in Section 1401.1. Section 1401.1 regulates signs in certain residential districts and, inter alia, allows for each property *one identification sign not exceeding one square foot in area.*

"1401.8.2

"One business sign, which must be a ground sign for identification of the name of the occupant of the build-

ing containing no further advertising, not exceeding 15 feet in length nor 100 square feet in area.

"1401.8.3

"One business sign, not a ground sign but either a wall sign or a projecting sign. This sign area shall be calculated on the basis of two square feet of sign area for every foot of building frontage for each street frontage. The building official may permit more than one such sign provided that the total area of such signs shall not exceed total allowable area, so calculated.

"1401.8.4

"Incidental signs each not exceeding four square feet in area."

Section 1400.1.3 defines a business sign as one which "directs public attention to a business commercial or professional activity, or to a commodity, service or entertainment sold or offered on the premises. . . ." Section 1400.1.9 defines an identification sign as "a name plate or similar device for identifying the occupant of a residence or the name of the property, such as a professional sign, and such sign may include the street name." Section 1400.1.10 defines an incidental sign as one erected off of the public right-of-way for the convenience or safety of persons while on the subject private property.

In August of 1972 the appellee, through a sign contractor, sought and obtained a variance from the standards of the zoning ordinance for a number of ground signs needed to regulate automobile traffic of customers of a drive-in bank operated by the appellee's tenant Girard Trust Bank.[1] The zoning appeal board, noting that signs already constructed on the premises by

---

[1] We assume that the variance was needed because of the size of these signs, since there is no limitation on the number of incidental signs in the "C-O" district.

Girard, had used up the property's entire allowance of business signs, asked for and received from the appellee the latter's agreement in writing that Girard would have the exclusive right to erect and maintain signs on the premises. Within weeks after this grant of variance, the appellee made a second application for variance for a ten square feet sign consisting of the numerals "600" proposed to be erected on the wall of the building. The zoning hearing board's denial based upon its conclusion that there already existed on the premises all of the signs permitted by the ordinance, was not appealed.

Still desiring to affix the legend "600" to its building, and after its request of Girard for some of the business sign allowance being used by Girard was refused, the appellee commenced the instant litigation by making a third application for variance, this time to affix the digits "600" in an arrangement twelve square feet in area. The board again refused the application. On appeal, the court below reversed, not on the ground that the appellee had proved unnecessary hardship or that the limitations of the ordinance were unreasonable, but because, in the court's view, some means of identifying the building for the convenience of passing motorists should be allowed as a practical matter. The court provided legal justification for its decision by concluding that the proposal was not for a business sign but for "a common address, serving as a guide for the convenience of the public."

We agree with the court below that the sign proposed is not a business sign, as defined by the ordinance. We further agree that it is simply an address. However, the ordinance does not, as the lower court seems to have concluded, simply ignore the necessity for a sign conveying the address of the premises. It denominates such a sign an identification sign and in the "C-O" district permits one, with the limitation that it shall not exceed one square foot in area. The instant record does

not establish that the appellee is suffering unnecessary hardship, within the meaning of that term in zoning law, as the result of being unable to erect a twelve square feet identification sign. It may, as of right, have a one square foot identification sign providing the address of its building and it may, by proving unnecessary hardship, based upon the size, arrangement or other physical characteristics of its development and the adjacent highways, be able to justify some variance from the size limitation of the ordinance.

Order reversed.