The Board of Commissioners of Upper Moreland
Township *v.* The Zoning Hearing Board of Upper
Moreland Township and Daniel S. Bready. Daniel
S. Bready, Appellant.

Argued October 9, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Gilbert P. High, Jr.,* with him *High, Swartz, Roberts & Seidel,* for appellant.

*S. Gerald Corso,* with him *Raymond Jenkins,* for appellee.

OPINION BY JUDGE KRAMER, December 15, 1975:

This is an appeal by Daniel S. Bready from an order of the Court of Common Pleas of Montgomery County, dated February 4, 1975, which sustained an appeal by the Board of Commissioners of Upper Moreland Township and reversed a decision of the Township's Zoning Hearing Board, which had granted him a variance.

On May 30, 1974, Bready applied for a variance to permit the construction of three duplexes in an R-3 residential zone of the Township. At the hearing before the Board, Bready testified that he did not believe that single-

family houses (permitted by the ordinance) could be built at a marketable price in the particular neighborhood involved. This was the only evidence which had any conceivable bearing upon the hardship which must be shown to justify a variance. *See Township of Haverford v. Spica,* 16 Pa. Commonwealth Ct. 326, 328 A. 2d 878 (1974).

The Township appeared before the Board as a protestant, and, after receiving notice that the Board had approved Bready's variance application, the Township appealed to the lower court. The lower court sustained the Township's appeal without taking additional evidence, and our scope of review is thus limited to determining whether the Board committed an abuse of discretion or an error of law. *Grace Building Co., Inc. v. Hatfield Township,* 16 Pa. Commonwealth Ct. 530, 329 A. 2d 925 (1974).

The opinion of the lower court notes that, at argument before that court, Bready's counsel "conceded that a variance should not have been granted". Our examination of the record indicates that Bready's counsel had little choice but to concede this point, since the evidence simply did not support a variance. Having abandoned his request for a variance, Bready nonetheless urged the lower court to hold that the requirements for a special exception authorizing construction of the duplexes had been met.

The relevant portion of the Township's ordinance reads as follows:

"SECTION 1712

"Conversion of dwellings: The Zoning Hearing Board may authorize as a special exception the conversion of a single-family dwelling into a dwelling for a greater number of families in R, R-1, R-2 and R-3 Residence Districts. . . ."

The court held that Section 1712 authorized duplexes as a special exception in R-3 districts only after a proposal has been made *to convert an existing structure* which otherwise conforms to the requirements of the ordinance. We agree with this interpretation.

Bready's attempt to interpose the question of a special exception must fail. Not only is Section 1712 of the ordinance inapplicable when there is no pre-existing building, but Bready never applied for a special exception under Section 1712. In his brief Bready argues that there was no evidence presented to indicate that the construction of the duplexes would be detrimental to the public health, safety or welfare. This is not surprising, since the Township had no indication that it would have to assume the burden of producing such evidence. As far as the Township was concerned, the only matter for adjudication by the Board was an application for a variance. Having never applied for a special exception, Bready cannot expect the lower court or this Court to order that he be granted a building permit on this basis.

Bready also argues that if we agree with the lower court that Section 1712 is applicable only to the conversion of existing single-family dwellings, we will be rendering the entire zoning ordinance exclusionary. Bready does not contend that the ordinance is, in fact, exclusionary, but only that we should if possible, interpret it in a manner consistent with the Constitution. *See* Statutory Construction Act of 1972, 1 Pa. C.S. §1922(3). We are also obligated to give the terms of the ordinance their common and accepted meanings before resorting to rules of construction, and, having done so, we conclude that Section 1712 is not available to Bready under the facts of this case. *Manoa Shopping Center, Inc. v. Zoning Hearing Board of Haverford Township,* 11 Pa. Commonwealth Ct. 569, 314 A. 2d 516 (1974).

The order of the lower court is affirmed.