Board of Commissioners of Upper Moreland Township, Appellant *v.* Decision and Action of the Zoning Board of Upper Moreland Township, Appellee.

Argued April 9, 1976, before Judges KRAMER, WIL-
KINSON, JR., and BLATT, sitting as a panel of three.

*Mabel D. Sellers,* with her *Raymond Jenkins, S.
Gerald Corso,* and *Jenkins & Acton, P.C.,* for appellant.

*Albert T. Dermovsesian,* with him *Donald A. Semisch,* and *Semisch and Dermovsesian,* for appellee.

OPINION BY JUDGE KRAMER, *July 30, 1976:*

This is an appeal by the Township of Upper Moreland from an order of the Court of Common Pleas of Montgomery County, dated July 22, 1975, which dismissed the Township's appeal from an order of the Zoning Hearing Board of the Township of Upper Moreland. The Board's order granted use, area, width, front-yard and side-yard variances to Edward H. Heller for the construction of a duplex. We affirm the order of the court of common pleas.

The subject property is apparently[1] located in a district where residential uses are required. Duplexes are not permitted, except as conversions of pre-existing buildings. The neighborhood is an old one, where many nonconforming uses with nonconforming lot characteristics exist, including duplexes and commercial establishments. Much of this development occurred prior to the existence of zoning restrictions.

Our scope of review where the court of common pleas has not received additional evidence is limited to determining whether the Board abused its discretion or committed an error of law. *AFSO Builders, Inc. v. Zoning Hearing Board of the Township of Upper Darby,* 12 Pa. Commonwealth Ct. 100, 314 A.2d 860 (1974).

Preliminarily we note that the Township has conceded that because of the small size of Heller's lot the ordinance does not permit any construction in strict conformity with the applicable restrictions. Consequently, the Township does not question the area, front-yard and width variances granted to Heller. The Township's appeal is limited to a challenge of the use

---

[1] The parties have not made a copy of the ordinance available to us and we thus cannot examine the use restrictions firsthand. The briefs indicate that there is no disagreement over what the ordinance requires.

and side-yard variances. We also note, as did the court of common pleas, that the Board was in error to the extent that it found support for the variances in those portions of the ordinance which purport to ban all new duplex construction in the Township. The Board was of the opinion that in this respect the ordinance was exclusionary and unconstitutional. Without commenting upon the correctness of this conclusion, we point out that a challenge on such a basis is controlled by Sections 609.1 and 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10609.1, 11004. *Shuttle Development Corporation v. Township of Upper Dublin*, 19 Pa. Commonwealth Ct. 510, 338 A.2d 777 (1975); *Robin Corporation v. Board of Supervisors of Lower Paxton Township*, 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975). Accordingly, we will not consider as supportive of its decision those portions of the Board's adjudication which deal with the facial constitutionality of the ordinance. This question was not properly before the Board.

The requirements for a variance have been explicitly defined:

"To obtain a variance, a property owner must prove (1) that an unnecessary hardship unique to the property exists; and, (2) that the variance, if granted, would not be contrary to the public health, safety, welfare or morals.

. . . .

"An unnecessary hardship can be established: (1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense . . . or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value

for any purpose permitted by the zoning ordinance. . . .''

*Township of Haverford v. Spica,* 16 Pa. Commonwealth Ct. 326, 330-31, 328 A.2d 878, 881 (1974); *Surrick v. Zoning Hearing Board of the Township of Upper Providence,* 11 Pa. Commonwealth Ct. 607, 613-14, 314 A.2d 565, 568 (1974).

The Township contends[2] that the record does not support a finding of the requisite hardship and that the use variance granted to Heller is not ''the minimum variance that will afford relief'' under Section 912(5) of the MPC, 53 P.S. §10912(5). Specifically, the Township takes the position that Heller has not shown that he cannot construct a single-family home on the lot in compliance with the use and side-yard restrictions. Heller does not dispute this, and his own testimony indicates that a single-family home could be built on the lot. Heller's contention is that the character of the neighborhood, *i.e.,* the many nonconforming uses, establishes the requisite hardship and leaves the subject property with little or no value as the site of a single-family dwelling.

Heller correctly observes that many cases have acknowledged the uses of adjacent and surrounding land may be relevant to the question of hardship. *See Filanowski v. Zoning Board of Adjustment,* 439 Pa. 360, 266 A.2d 670 (1970); *Borough of Ingram v. Sinicrope,* 8 Pa. Commonwealth Ct. 448, 303 A.2d 855 (1973); *McKay v. Board of Adjustment,* 8 Pa. Commonwealth Ct. 29, 300 A.2d 810 (1973); *Pfile v. Borough of Speers,* 7 Pa. Commonwealth Ct. 226, 298 A.2d 598 (1972); and *J.M.W., Inc. v. Zoning Hearing Board of Chester,* 61 Del. Co. Rep. 485 (1973). The applicant

---

[2] The Township also questions whether the court of common pleas properly applied its appellate scope of review. In light of the fact that this Court, like the court of common pleas, is reviewing the action of the *Board,* this issue need not be considered.

still must show that the property is rendered practically valueless.

Heller did not have to show that the land could not be sold for the permitted purposes through evidence of actual attempts at sale. *Pfile, supra.* Conversely, Heller could not carry his burden of proof by merely offering his personal opinion that a single-family home would not be marketable. *Board of Commissioners of Upper Moreland Township v. Zoning Hearing Board of Upper Moreland Township,* 22 Pa. Commonwealth Ct. 361, 349 A.2d 507 (1975).

We have examined the record[3] very carefully on this critical point and, while the evidence directly supporting the hardship is far from overwhelming, we believe that the record as a whole supports the action of the Board. We have no doubt that the Board, which could have justified reaching a contrary result, was strongly influenced by its familiarity with the neighborhood and the many nonconforming uses which already exist. The comments of the court of common

---

[3] Much, but not all, of the specific evidence of the surrounding uses (the area is dominated by various commercial and multifamily uses, including many duplexes) is found in the transcript of a prior Board hearing which involved another nearby property owned by Heller. This second transcript was certified to this Court as part of the record in the instant case. Although this additional evidence was not formally incorporated into the record at the Board's hearing in the instant case, it was "noted for the record" that the instant property is adjacent to the lot involved in the prior hearing, and specific reference was made to the prior proceeding by the Board Chairman. Additionally, the adjacent property was referred to without objection at several points in the hearing. We do not condone the failure of the Board and counsel to formally incorporate this prior transcript into the record, but we believe that under the circumstances of this case, we may consider this transcript as supportive of the Board's findings. Although the Township disputes the evidentiary support of its Board's findings, it does not assert that the picture of the community painted by the Board and the court of common pleas is in error or misleading.

pleas are in complete accord with the conclusion that these uses are so pervasive as to impose a hardship upon this small lot if the use restriction of the ordinance is enforced. We cannot say that this conclusion constituted an abuse of discretion or an error of law. *See Township of Haverford v. Zoning Hearing Board of Haverford Township,* 21 Pa. Commonwealth Ct. 207, 212, 344 A.2d 758, 761 (1975).

Order affirmed.