**Riegel v. Upper Saucon Township**

*Jeffrey F. Bahls* and *Freed and Bahls,* for plaintiff.

*Ronald E. Corkery* and *Roberts, Traud & Wallitsch,* for defendants.

DAVISON, *J.,* October 26, 1977—This case is before the court on plaintiff's motion for summary judgment for a writ of mandamus to compel defendants to grant a variance hearing to plaintiff who seeks a sign permit for a proposed nonconforming commercial sign.

On April 22, 1977, the zoning officer of Upper Saucon Township refused plaintiff's application for a sign on the ground that it did not comply with the provisions of the Upper Saucon Township sign ordinance. Plaintiff sought a variance from the provisions and requested a hearing. He was then informed that there was no appeal process available under the ordinance and, therefore, that a sign permit could be issued only for a conforming sign.

Plaintiff contends that the ordinance is infirm since it is devoid of such a variance procedure, and, in the alternative, that the sign ordinance is in reality part and parcel of the zoning ordinance, thereby incorporating, as a matter of law, the review procedures of the latter. We deal with these contentions without reaching the merits of plaintiff's alleged right to actually secure a variance.

It is essential to understand the source and nature of the authority of defendant township.

We begin with the basic proposition that the or-

dinance is presumed to be constitutional. See 1 Pa. C.S.A. §1922(3); Manoa Shopping Center v. Zoning Hearing Board of Haverford Twp., 11 Pa. Commonwealth Ct. 569, 573, 314 A.2d 516 (1974).

The Second Class Township Code of May 1, 1933, P.L. 103, as amended, 53 P.S. §65762, provides in pertinent part that such a township is empowered:

"To make and adopt all such ordinances, bylaws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth as may be deemed expedient or necessary for the proper management, care and control of the township and its finances and the maintenance of peace, good government and welfare of the township and its trade, commerce and manufactures."

Additionally, the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. §10901, provides that: "Every municipality which has enacted or enacts a zoning ordinance pursuant to this act or prior enabling laws, shall create a zoning hearing board . . ."

Section 10912 further provides that: "The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant . . ."[1]

A review of recent law reveals that this section has traditionally included within its purview ap-

1. Paragraph 6 of plaintiff's complaint alleges: "Plaintiff wishes to seek a variance from the provisions of the Zoning Ordinance for the reason that it inflicts upon him unnecessary hardship."

plications for variances with respect to signs. See Faber v. Springettsbury Twp. Zoning Bd., 83 York 13 (1963); Upper Merion Twp. v. Valley Forge Assoc., 16 Pa. Commonwealth Ct. 167, 327 A.2d 874 (1974); Brodhead Car Wash v. Zoning Hearing Bd., 35 Beaver 51 (1976).

In asserting their opposition to the inclusion of this case within the parameters of section 10912, defendants maintain that the Pennsylvania Municipalities Planning Code does not apply to the the township's sign ordinance because it is an independently valid exercise of the township's police power under the general powers provision of section 65762, rather than a zoning ordinance. This argument is obviously fallacious, however, for the regulation of signs and billboards has been held to be of its very nature ". . . a legitimate exercise of the police power by a zoning board." Silver v. Zoning Bd. of Adjustment, 381 Pa. 41, 43, 112 A.2d 84 (1955); 7 McQuillin, Municipal Corporation §24.380 (3d ed. 1968); Ryan Pa. Zoning Law and Practice §3.4.6 (1970). Moreover, the ordinance before us permits different types and sizes of signs in the various zoning districts throughout the township as established by the Upper Saucon Township Zoning Ordinance. As additional evidence that the sign provision is a zoning law, Article XVI, relating to planned residential developments provides that, "The character, size and shape of all outdoor signs shall be reviewed by the Board . . ."

A reading of this ordinance in its totality makes it abundantly clear that it is in the nature of a zoning restriction. The legislature has mandated the implementation of a variance procedure for all

zoning ordinances and no rational basis exists for permitting a municipality to evade its responsibility in this regard by simply labeling an ordinance a "sign ordinance" and physically separating it from its zoning code. To legitimize such a practice would not only embrace a hierarchy of form over substance, but would also serve to subvert the spirit and purpose of the Pennsylvania Municipalities Planning Code by effectively precluding the right to request a variance for a sign before a Zoning Hearing Board. See, e.g., codified ordinances of Allentown Tit. 3 art. 1351 et seq.; codified ordinances of Bethlehem Tit. 5 art. 1387.01(g); codified ordinances of Twp. of Whitehall XXVIII §§155, 163, 165. We decline to do so.

### ORDER

Now, October 26, 1977, plaintiff's motion for summary judgment in the within matter is granted and defendants are hereby directed to grant a hearing for plaintiff's request for variance.