Kimberton Green, Inc., Appellant *v.* The Borough of Phoenixville, Appellee.

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Thomas A. Riley, Jr.,* with him, of counsel, *Lentz, Riley, Cantor, Kelgore & Massey, Ltd.,* for appellant.

*Allan B. Greenwood,* for appellee.

OPINION BY JUDGE MACPHAIL, June 5, 1979:

This is an appeal from an order of the Court of Common Pleas of Chester County, affirming the decision of the Borough of Phoenixville (Borough), denying the request of Kimberton Green, Inc., Appellant, for a curative amendment.

On April 11, 1975 Kimberton Green, Inc. filed a curative amendment application and proposed plan of apartment development with the Borough. A hear-

ing was held on June 3, 1975, and the application was denied orally at a Borough Council meeting on July 15, 1975. Kimberton Green, Inc. appealed to the Court of Common Pleas of Chester County, and on March 15, 1977 an opinion and order was filed by that Court affirming the Borough's decision. This appeal followed.

Kimberton Green, Inc. is the owner of a thirty (30) acre tract located in the southwest corner of the Borough. At the time of purchase, the Kimberton tract was designated "A" residence district pursuant to a 1945 zoning classification. The "A" classification was the most restrictive under the 1945 plan; however, it did permit multi-family dwellings and other varied uses.

On December 20, 1971 the Borough adopted a comprehensive plan which resulted in the Kimberton tract being classified as a "low density development" area. This was also the most restrictive classification under the new comprehensive plan. It did not permit multi-family dwellings. The comprehensive plan did indicate, however, that if the Borough adopted a Planned Unit Development (P.U.D.) ordinance, designated areas (which included the Kimberton tract) would be permitted to develop high density clusters (that is, multi-family dwellings) if enough open space was allotted to maintain the overall low density limitations.

Then, on August 20, 1973, in order to implement the comprehensive plan, the Borough Council enacted a new zoning ordinance. Under that ordinance the Kimberton tract was placed in an R-1 zone, once again the most restrictive district, and one which did not allow multi-family dwellings.

Over a year after the enactment of the 1973 zoning ordinance, Kimberton Green, Inc. submitted a subdivision application to the Borough. The application was denied because it failed to conform to R-1 zoning, but instead was tailored to an MR-2 zone which would

enable Appellant to construct multi-family dwellings on the Kimberton tract. Thereupon, Appellant filed the curative amendment which is the subject of the instant appeal.

Kimberton Green, Inc. argues that (1) the Borough exhibited bad faith in zoning the tract R-1 with the intent to freeze development pending consideration of the P.U.D.; and (2) that classification of this tract for the purpose of freezing it is not a legitimate or valid zoning purpose.

In order to prove their allegations Kimberton Green, Inc. must show that the Borough acted with little or no planning, and that the end result had no substantial relation to public health, safety, morals or general welfare. *Gratton v. Conte,* 364 Pa. 578, 73 A.2d 381 (1950). The Appellant has failed to meet that burden of proof. The record discloses that the Borough has consistently maintained the Kimberton tract in the most restrictive zone. Even if the new classification is more restrictive than it was previously, it would not be cause for striking down the ordinance as "[a]side from the consistency of the ordinance with the general scheme of zoning, we are faced with the presumption that the ordinance is valid." *Upper Darby Township Appeal,* 413 Pa. 583, 586, 198 A.2d 538, 540 (1964). The mere fact that the property could be more lucratively used if rezoned does not invalidate the present zoning plan. "It is well established that, if the validity of the legislation is fairly debatable the legislative judgment must be allowed to control." *Guentter v. Borough of Lansdale,* 21 Pa. Commonwealth Ct. 287, 293, 345 A.2d 306, 310 (1975).

We are bound to look at the end result. Having done so in the instant case, we can see no invalidity in purpose or contradiction in relation to the overall scheme of development adopted by the Borough of Phoenixville. Specifically, we find no bad faith in the

action of the Borough Council in denying the application for a curative amendment.

Accordingly, we affirm.

ORDER

AND Now, this 5th day of June, 1979, the order of the Court of Common Pleas of Chester County, dated March 16, 1977, is hereby affirmed.