Joseph A. Cameron, et al., *v.* Board of Adjustment of the City of Greensburg, and the City of Greensburg.
Katherine McKenna, et al., *v.* Board of Adjustment of the City of Greensburg, and the City of Greensburg.
In Re: Application of Jared A. Cooper for Zoning Permits to the Zoning Board of Adjustment of the City of Greensburg.

Argued December 9, 1970, before President Judge BOWMAN, and Judges KRAMER, WILKINSON, JR., MANDERINO, and MENCER.

A. C. Scales, with him Scales, Shaw, Lyons & Ceraso; Henry E. Shaw and William T. Dom, III, for appellant property owners.

*Joseph B. Mitinger,* City Solicitor, for appellant City of Greensburg.

*Irving L. Bloom,* with him *John F. Dent, Dent & Bloom,* and *Albert M. Nichols,* for appellee.

OPINION BY JUDGE MANDERINO, February 4, 1971:

The zoning matters involved in this appeal were heard by Judge Richard E. McCORMICK, of Westmoreland County, who entered a decree on November 10, 1969. Exceptions to the decree were filed and on August 14, 1970, the Court en Banc of Westmoreland County issued a decree sustaining the earlier decree issued by Judge McCORMICK.

Within thirty (30) days after the court en banc's decree of August 14, 1970, appeals were filed in the Supreme Court of Pennsylvania, which were later transferred under the Commonwealth Court Act (Act No. 185 of January 6, 1970); 17 P.S. 211.13 (1970), to the Commonwealth Court.

Appellees have filed before this court a motion to quash the appeals because it is claimed they were not timely filed.

All parties agree that an appeal must be filed within thirty (30) days in a zoning matter, but the parties disagree as to when the thirty (30) days began in this case. The appellees contend that the thirty (30) days began in November of 1969, when Judge McCORMICK entered his decree. The appellants contend that the thirty (30) days did not begin to run until the decree of the court en banc was entered in August, 1970.

The matter is controlled by the Pennsylvania Municipalities Planning Code. Section 1012 of the Code states: "Appeals from decisions of courts made under this act shall be taken to the Supreme Court of Pennsylvania in the manner provided for other civil cases, but no such appeal shall be entertained unless it is

filed within thirty (30) days after the date of entry of the decision of the lower court." *Pennsylvania Municipalities Planning Code* (Act No. 247 of July 31, 1968, art. X, §1012); 53 P.S. 11012 (1970).

The parties disagree as to the meaning of the words "decision of the lower court" contained in Section 1012.

Appellee claims that the quoted language refers to a single judge and appellants argue that it refers to the court en banc. This appeal was filed within thirty (30) days of the court en banc's decision, but not within thirty (30) days of Judge McCormick's decision.

We hold that the words "decision of the lower court" covers both a decision made by a single judge and a decision made by the court en banc. We think this interpretation is the only reasonable interpretation in view of another section of the Pennsylvania Municipalities Planning Code. Section 1009 states: "If no verbatim record of testimony before the board was made, or if upon motion, it is shown that proper consideration of the zoning appeal requires the presentation of additional evidence a judge of the court may hold a hearing to receive such evidence or may remand the case to the board or refer it to a referee to receive such evidence. *Final decision of each zoning appeal shall be made by the court, or a judge thereof* considering the record and the findings of fact made by the board as supplemented and replaced by findings of fact made by a judge or referee." (Emphasis added). *Pennsylvania Municipalities Planning Code* (Act No. 247 of July 31, 1968, art. X, §1009); 53 P.S. 11009 (1970).

Section 1009 of Article 10 of the Code is more specific than Section 1012. It states explicitly that a "final decision" shall be made by either a "court" or "a judge".

If we were to hold that Section 1012 meant the decision of a single judge only, we would in effect be stating that the final decision in a zoning matter could

not be made by the court en banc. This would take away from the court en banc the explicit authority which is given to it by Section 1009 since that section authorizes the court en banc to make a final decision in a zoning appeal. We cannot take away the legislative authorization which has been given.

The same result would follow if we were to hold that "decision of the lower court" in Section 1012 *always* meant a court en banc. Such an interpretation would mean that an appeal would not lie from the entry of the decision of a single judge. Such an interpretation would deprive a single judge of the authority granted in Section 1009 by the Legislature.

What we have said means that the word "court" in Section 1009 has the meaning of "court en banc" while the meaning of the word "court" in Section 1012 has the meaning of either "court en banc" or "a single judge". This result is the only one which gives effect to both sections. Any other interpretation of the two sections for the sake of giving the word "court" an identical meaning would perhaps satisfy a semanticist who is naive about the difficulties of statutory draftsmanship but would ignore the explicit authorization given a court en banc and a single judge to enter final decisions in zoning matters. Our duty is to satisfy the Legislature, not the semanticist.

In matters of statutory interpretation, the court is guided by the provisions of the Statutory Construction Act (Act of May 28, 1937, P. L. 1019) ; 46 P.S. 501 (1969). The court should construe a law, if possible, to give effect to all of its provisions. *Statutory Construction Act* (Act of May 28, 1937, P. L. 1019, art. IV, §51) ; 46 P.S. 551 (1969). Only by the interpretation given above can both Section 1009 and Section 1012 be effective. There is also a presumption that the Legislature intends the entire statute to be effective. *Statutory Construction Act* (Act of May 28, 1937, P. L.

1019, art. IV, §52); 46 P.S. 552 (1969). There is no good reason to ignore the presumption in this case.

Our result should not shock the semanticist. Historically, the word "court" has been frequently used interchangeably in reference to a single judge or a court en banc.

Cases have been cited on this appeal involving the interpretation of the word "court" under different statutes and under other circumstances. We have reviewed these cases. Essentially the courts have held that the word "court" can mean different things at different times depending upon the context in which it is used. The meaning of the word depends upon the circumstances and its statutory environment. Chief Justice KEPHART has appropriately said "the nature and character of the statutory power and the practice under the common law and related statutes must control the interpretation of the word "court". *Commonwealth v. Shawell,* 325 Pa. 497, 191 A. 17 (1937).

We note also that the clear authorization in Section 1009 of the Pennsylvania Municipalities Planning Code for either a "judge" or the "court en banc" to enter the final decree may result in different appeal practices in different judicial districts at least until by proper authority a uniform practice is established. Whether or not this is desirable is not before us. The Legislature has clearly spoken in Section 1009, which section is not an isolated section but appears in Article X of the Pennsylvania Municipalities Planning Code. Article X is entitled "Zoning Appeals to Courts" and was clearly intended to provide comprehensive rules for judicial review in zoning matters.

In this case in Westmoreland County, the court en banc *chose* to enter the final decision and the appeal was timely filed from that decision.

The appellee's motion to quash the appeals in these cases is denied.