Big Bear Oil Company, a Pennsylvania Corporation, Appellant, *v.* Zoning Board of Adjustment of Greenville, Pennsylvania, Appellee.

Argued February 17, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER, and ROGERS.

**34**

*Anthony Perfilio,* with him *Rodgers, Marks, Irwin & Perfilio,* for appellant.

*Samuel J. Orr, IV,* with him *Michael Halliday,* for appellee.

OPINION BY JUDGE MENCER, May 4, 1971:

On July 23, 1970, the Court of Common Pleas of Mercer County rendered a decision dismissing the appeal of Big Bear Oil Company (Big Bear) from the decision of the Zoning Board of Adjustment of Greenville, Pennsylvania. The decision of the lower court was in the form of an order dated July 23, 1970, dismissing Big Bear's appeal, with an allowance of exceptions to the court's ruling and an opinion in support of the order entered by the court. On the same day, July 23, 1970, the court's order and exceptions were docketed and entered of public record in the office of the Prothonotary of Mercer County.

On August 25, 1970, the attorney for Big Bear filed a praecipe with the Prothonotary requesting entry of judgment in favor of the Zoning Board of Adjustment of Greenville, Pennsylvania, in accordance with the opinion and order of the lower court entered July 23, 1970. Judgment was entered in accordance with the praecipe on August 26, 1970. On August 31, 1970, Big Bear took an appeal to the Supreme Court and there followed a motion to quash the appeal as untimely filed.

Under the authority of Section 507(b) of the Appellate Court Jurisdiction Act of July 31, 1970, P. L. , 17 P.S. §§211.101-211.510, this appeal and the motion to quash were transferred to the Commonwealth Court for hearing and disposition pursuant to Section 402(4) of the Appellate Court Jurisdiction Act of 1970.

This appeal is subject to the provisions of the act known as the "Pennsylvania Municipalities Planning Code". Act of July 31, 1968, P. L.    , No. 247, 53 P.S. §10101 *et seq.* Article X, §1012 of that Act, 53 P.S. §11012, provides as follows: "Appeals from decisions of courts made under this act shall be taken to the Supreme Court of Pennsylvania in the manner provided for other civil cases, but no such appeal shall be entertained unless it is filed within thirty days after the date of entry of the decision of the lower court."

Since the decision of the lower court was entered on July 23, 1970, and Big Bear did not take its appeal until August 31, 1970, thirty-eight days after entry of the decision by the lower court, the motion to quash the appeal must be granted. *Kravitz v. Zoning Board of Adjustment,* 415 Pa. 97, 202 A. 2d 64 (1964); *Blank v. Board of Adjustment,* 390 Pa. 636, 136 A. 2d 695 (1957). This appeal was filed eight days beyond the statutorily prescribed time for taking an appeal. The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of a court and its competency to act. See *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A. 2d 203 (1965). Courts are without the power to enlarge or extend the time provided by statute for taking an appeal. *Commonwealth v. Simon,* 413 Pa. 609, 198 A. 2d 583 (1964). The only exceptions to this rule are those involving fraud or a breakdown in a court's operation whereby a party has been injured or in a criminal case where the failure of a defendant to take an appeal within the period allowed has resulted from lack of counsel in violation of the defendant's constitutional rights. See *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938); *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A. 2d 886 (1966).

Big Bear contends that the appeal period should commence on August 26, 1970, when judgment was en-

tered in accordance with its praecipe. It relies on *Simpson v. Pennsylvania Turnpike Commission,* 384 Pa. 335, 121 A. 2d 84 (1956) for this contention. However, *Simpson* is inapposite since it dealt with a trial in which the jury returned a verdict in favor of the plaintiffs of $14,600. The defendant moved for a new trial and the court below overruled the motion and the defendant thereupon took his appeal prior to entry of judgment on the verdict of the jury. Here there is no jury verdict to enter judgment upon and it does not follow that appeals can be taken only from judgments.

Rule 20½ of the Supreme Court of Pennsylvania indicates clearly that appeals may be taken, not only from a judgment, but from a sentence, order or decree. Here the appeal lies clearly from the order of the lower court dismissing Big Bear's appeal from the decision of the Zoning Board of Adjustment.

Section 1009 of the Act, 53 P.S. §11009, states that the final decision of each zoning appeal from the decisions of the zoning hearing board shall be made by the court or a judge thereof. There can be no doubt in the instant case that the order of July 23, 1970, by the lower court was its decision and that, when it was entered and docketed the same date, the time period within which to appeal commenced and entry of judgment was not appropriate or necessary.

In *Burdett Oxygen Company v. I. R. Wolfe and Sons, Inc.,* 433 Pa. 291, 249 A. 2d 299 (1969), it was held that the date upon which the order is docketed should be the starting date for the appeal time to run. Here the order, being the decision of the lower court, was docketed and entered July 23, 1970, and the statutory deadline for taking an appeal therefrom would have been thirty days thereafter. This appeal, filed eight days beyond the statutory deadline, must therefore be quashed. Big Bear simply hibernated during

the time when it could have brought to bear its right of appeal.

The appeal is quashed.

---

DISSENTING OPINION BY JUDGE MANDERINO, May 4, 1971:

I dissent because this appeal was properly filed within thirty days of "the date of entry of the decision of the lower court." There was no entry of a decision in this case until August 26, 1970, and this appeal was filed five days later on August 31, 1970.

The majority's holding that the time for appeal began to run on July 23, 1970, cannot be sustained by the record before this court.

On July 23, 1970, the lower court filed an opinion in the Prothonotary's office. At the conclusion of the court's opinion there appeared the following order: "AND NOW, July 23, 1970, the plaintiff's appeal from the Zoning Board of Adjustment's decision is refused." Following this order the judge's signature appears. Immediately following this order on the same page about one inch away there appears in full capital letters, underlined, in the middle of the page the word "EXCEPTIONS". Underneath the word "EXCEPTIONS" it states: "AND NOW, July 23, 1970, exceptions are granted to the plaintiff from the ruling of this court." Following this sentence the signature of the court appears again.

The record certified to this court by the Prothonotary of the lower court shows that the lower court's opinion with the above "ORDER" and "EXCEPTIONS" appearing together on one page were filed with the Prothonotary on July 23, 1970.

The record certified to this court also shows that the opinion, order, and exceptions signed by the judge on July 23, 1970, were entered in the "continuance

docket" of the Prothonotary's office. The majority opinion correctly states that on July 23, 1970, the lower court's "Order and Exceptions were docketed and entered of public record. . ."

The "docketing" of the July 23, 1970 items in the continuance docket, where a record of all steps in a given case are noted, does not mean that the time for appeal began on July 23, 1970.

The last "continuance docket" entry on July 23, 1970, is the entry granting the plaintiff the right to file exceptions from the ruling of the court. How can this possibly be considered an appealable judgment, order, decision or anything else? The simple fact that something is "docketed" in a continuance docket does not make that "something" appealable. The majority holds that the appellant should have appealed from the July 23, 1970, entry which granted the plaintiff the right to file exceptions. The conclusion that such a "docket entry" is an appealable decision cannot be proper.

By the entries of July 23, 1970, the appellant, Big Bear Oil Company, was clearly entitled to study the court's opinion and order and file exceptions if it so decided. Big Bear decided not to file any exceptions and on August 25, 1970, Big Bear filed a praecipe for entry of judgment. The Prothonotary of the lower court certified that Big Bear's praecipe was filed on August 25, 1970, and further certified that on August 26, 1970, "judgment is hereby entered against the Big Bear Oil Company. . ." When Big Bear failed to file exceptions, the other side was free to file a praecipe requesting the "entry of judgment". Since they did not do so, Big Bear itself asked for "the entry of judgment".

The majority opinion agrees that judgment was not entered until August 26, 1970, five days before the

filing of the appeal, but states that "it does not follow that appeals can be taken only from judgments." The majority is correct if they mean that appeals can be taken from "orders, decisions, decrees, judgments", or other "final docket entries" which clearly indicate "finality" and "appealability". The majority is not correct in holding that the "continuance docket entry" of July 23, 1970, which allowed exceptions to be filed is appealable.

The docket in this case clearly shows that there was no appealable decision until August 26, 1970. Big Bear filed its appeal on August 31, 1970, well within the allowable thirty days. The motion to quash the appeal should be denied.