## McKay *v.* North Huntingdon Township Board of Adjustment.

Argued April 12, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Dante G. Bertani,* for appellant.

*Thomas R. Ceraso,* with him *Scales, Shaw, Lyons & Ceraso,* for appellee.

OPINION BY JUDGE MANDERINO, July 22, 1971:

On November 7, 1969, an order was entered by Judge KEIM of the Court of Common Pleas of Westmoreland County in a zoning matter. Exceptions were filed before the court en banc and on August 3, 1970, the court en banc issued an order which stated: "And Now, this 3rd day of August, 1970, after due and care-

ful consideration, the exceptions filed to the opinion and decree in this case be and the same are hereby dismissed inasmuch as the court is without jurisdiction to hear and consider the same."

After the order of the court en banc of August 3, 1970, the appellant filed this appeal. It is contended that the appeal was not timely because it was not filed within thirty days after the order of Judge KEIM entered on November 7, 1969. It is conceded that the appeal was filed within thirty days after the order of the court en banc on August 3, 1970.

In our opinion the appeal was timely filed following the order of the Court en banc of Westmoreland County on August 3, 1970.

The appellant states that no appeal was filed from the November 7, 1969, order because the rules of the Court of Westmoreland County mandated argument before the Court en banc.

The appellant calls to our attention Rule 504 which reads as follows:

Rule 504. Argument List.

(a) "Preliminary objections in equity and in law, motions for new trial, to take off nonsuit, for judgment non obstante veredicto, or upon the whole record, exceptions to adjudications or findings of a judge sitting without a jury, exceptions to master's reports in divorce, reports of auditors, referees, arbitrators and masters in partition, objections in road cases and to decrees in divorce, all shall be placed upon the court en banc argument list."

The appellant followed exactly what Rule 504 of the Westmoreland County Court requires. Indeed, had the attorney appealed from the November 7, 1969 order, he could well have been met by the argument that the procedures of the court below had not been exhausted and therefore the appeal was not proper.

The order of the Court en banc of August 3, 1970, was one from which the appellant was entitled to appeal within thirty days. This is exactly what the appellant did do.

We must go further, however, in the disposition of this case because the order of the Court en banc of Westmoreland County of August 3, 1970, indicates that the Court en banc did not review the opinion and decree handed down by Judge KEIM on November 7, 1969, because the Court en banc did not believe it had jurisdiction in the matter. Apparently, the Court felt that it did not have jurisdiction to hear and consider the appeal to the Court en banc from the order of Judge KEIM because of the Pennsylvania Municipalities Planning Code. (Act No. 247 of July 31, 1968, P. L.　；53 P.S. 10101 et seq.).

Section 1012 of the Code states that appeals in zoning matters must be filed within thirty days after the entry of the decision "of the lower court". This court in *Cameron et al. v. Board of Adjustment of the City of Greensburg*, 1 Pa. Commonwealth Ct. 210, 274 A. 2d 258 (1970), held that Section 1012 of the Pennsylvania Municipalities Planning Code authorized a final order in zoning matters to be entered *either* by a single judge *or* by a court en banc.

Under the *Cameron* decision, the Court en banc did have authority to enter a final order after hearing exceptions from the order of Judge KEIM entered on November 7, 1969.

Since the Court en banc had jurisdiction and since Rule 504 of the Westmoreland County Court Rules requires argument before the Court en banc from a decision of a single judge, the appellant in this case was properly before the Court en banc, and properly filed an appeal within thirty days after the decision of the Court en banc.

In the *Cameron* decision, which was also from Westmoreland County, we entertained an appeal within thirty days after an order had been entered by the Court en banc and stated that we were doing so because the Westmoreland County Court en banc chose to enter a final decision in the matter rather than to consider the order of a single judge as the final appealable order.

In *Cameron,* Rule 504 of the Westmoreland County Court Rules was not considered nor discussed. It was not brought to our attention.

It is brought to our attention in this case that Westmoreland County does have a Rule 504, which adopts a procedure that the final order will be entered by the Court en banc. Until this rule should be changed, the Westmoreland County Courts are bound to follow their own rule. Nothing was said in *Cameron* which instructed any court in any judicial district as to what rule they should adopt. We indicated in fact that each judicial district was probably free to adopt its own rules at least until some proper authority established a uniform rule throughout all the judicial districts.

An argument has been made by the appellee that the Court of Common Pleas of Westmoreland County in entering its order of August 3, 1970, in effect repealed Rule 504. We cannot read the order of August 3, 1970, of the Court en banc as repealing Rule 504. The order of August 3 simply said that the appeal to the Court en banc in this particular case was being dismissed because the court felt that it did not have jurisdiction in the matter. No proof has been presented to this court that Rule 504 of the Westmoreland County Rules has been repealed. We cannot conclude that a local rule of court has been repealed by a court order entered in a particular case which does not refer to that rule and which was entered in the court's judicial capacity and not in the court's rulemaking capacity.

This is not to say that the Westmoreland County Court or the Court in any judicial district cannot properly change its rules within its statutory authority. If Westmoreland County chooses to do this, it would no doubt follow the usual procedures for amending Court Rules, making it quite clear to members of the Bar that its local rules as to final orders in zoning matters have been changed.

Although we deny the motion to quash this appeal because it was timely filed, our conclusions result in the anomaly that if we proceeded to hear the appeal on the merits the only thing we could consider would be the original order of Judge KEIM entered on November 7, 1969. This is so because the Court en banc did not review the order of Judge KEIM in any respect because of its belief that it did not have any jurisdiction. Since we now hold that the Court en banc not only had jurisdiction, as was decided in *Cameron*, but also was bound to follow its own local rule, we must remand this case to the Court en banc for a consideration of the order of its single judge.

The motion to quash is denied and this case is remanded to the Court en banc of Westmoreland County for review of the order entered by Judge KEIM on November 7, 1969.