Kane *v.* Allegheny County Retirement Board.
Minogue *v.* Allegheny County Retirement Board.
McElligott *v.* Allegheny County Retirement
Board, et al.

Argued October 30, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

264

*Anthony J. Martin*, with him *Martin, Finnegan & Rossetti*, for appellants.

*John A. Metz, Jr.*, with him *Metz, Cook, Hanna & Kelly*, for appellees, Kane and Minogue.

*Helen M. Witt*, with her *Cleland, Hurlt and Witt*, for appellee, McElligott.

OPINION BY JUDGE CRUMLISH, JR., January 29, 1973:

The Court of Common Pleas of Allegheny County directed the Retirement Board of Allegheny County (Board) to pay appellees, upon termination of their employment with the County, retirement benefits based on appellees' entire period of service. The order is conditioned upon the payment by appellees of all the contributions they would have made had the Retirement Board not terminated their membership in the retirement system. The Board appeals.

Prior to their employment in the Judicial and Administrative system of Allegheny County, all three appellees had been employed by the City of Pittsburgh and were receiving pension benefits from the City. The appellees were in the employ of Allegheny County during a period prior to August 1, 1953, but subsequent to March 31, 1937.

During their first pay period, the County enrolled appellees as members of the County retirement system. On December 31, 1953, the County removed appellees from membership and refunded their prior contributions.

Appellant cancelled the appellees' membership in reliance on the Act of March 31, 1937, P. L. 191, §12, 16 P.S. 326 on the ground that the provisions of the Act prohibited their initial admission. The Act 332 of December 13, 1967, P. L. 722, §1, 16 P.S. §4716 repealed the Act of 1937. Thereafter, appellees were enrolled as members in the retirement system and their contributions were deducted from their pay.

It is the contention of appellant that the Act of March 31, 1937, P. L. 191, §12, 16 P.S. 326 barred the appellees from membership in the retirement fund, and therefore the Retirement Board acted properly in (1) expelling the appellees from the retirement after they were mistakenly admitted; (2) in returning the paid contributions, and (3) in allowing entry of the appellees into the fund only after the Act of 1937 was repealed by 16 P.S. 4716.

We disagree with appellant.

Before we get to an examination of the appropriate statutory language we find it necessary to mention and dispose of certain procedural irregularities in these proceedings.

Appellants failed to praecipe the prothonotary to enter final judgment on the order of the lower court as required by Pa. R.C.P. 1039.[1]

It is clear that this appeal is premature. An appeal only lies from a final judgment and the order of the

---

[1] The action was brought in mandamus. Pa. R.C.P. 1091 provides that unless otherwise provided, an action in mandamus shall be in accordance with the rules relating to the action of assumpsit.

lower court is not a final judgment. *Watkins v. Hughes,* 206 Pa. 526, 56 A. 22 (1903), *Kentworthy v. Equitable Trust Co.,* 218 Pa. 286, 67 A. 469 (1907).

Appellant must be faulted for this error. For this reason, and further because we believe that an order to remand this case would only delay a prompt adjudication of the rights of appellees, we now consider and decide the issues on their merits.

We hasten to say that the Bar should not construe this as an easing of this Court's strict requirement of conformity with proper procedural steps. Strict requirement is necessary to provide an orderly administration of appeals not only in this Court but in all of our courts. However, no useful purpose would here be served by requiring a remand in the present posture of this case.

Turning to the merits, appellants rely on the Act of March 31, 1937, P. L. 191, §12, 16 P.S. 326. In pertinent part, this reads, "Hereafter no person who, at the time of his employment as a county employe, is receiving or is eligible to receive a retirement allowance from the Commonwealth of Pennsylvania, or any other political subdivision thereof, shall be eligible to receive a retirement allowance from the county retirement system." This statute was in force at the time appellees were employed by the County.

There can be no question that the Act of 1937 barred a former public employe who while receiving a retirement allowance from another political subdivision sought to obtain a retirement allowance from Allegheny County. Such an employe was not *"eligible to receive* a retirement allowance from the county retirement system." (Emphasis added.)

Appellant would have us interpret the Act of 1937 as a bar to former public employes from *membership and building benefits* in the county retirement system.

This is contrary to the plain and unambiguous language of the Act.

The Act specifically provides that an employe who is receiving a retirement allowance from another political subdivision is not "eligible to receive a retirement allowance from the county retirement system." However, to arrive at the result appellant pursues, requires the Act to read that the former public employe "shall not be eligible to *become a member* of the county retirement system."

It is well established that when a statute is plain and unambiguous and conveys a clear meaning, we need not resort to the rules of statutory construction and the statute must be given its plain and obvious meaning. *Davis v. Sulcowe,* 416 Pa. 138, 205 A. 2d 89 (1965); *Yellow Cab Co. of Philadelphia v. Unemployment Compensation Bd. of Review,* 170 Pa. Superior Ct. 625, 90 A. 2d 599 (1952).

The obvious meaning in this case is that the Legislature did not intend to prohibit *membership* in the retirement fund but merely to prohibit actual receipt of the county pension by an employe who at the same time was receiving the pension of another political subdivision.

In *Haldeman v. Hillegass,* 335 Pa. 375, 6 A. 2d 801 (1939) and *McBride v. Allegheny County Retirement Board,* 330 Pa. 402, 199 A. 130 (1938), the Supreme Court outlined the requisites of eligibility to receive retirement funds, and in doing so, clearly distinguished between the time an employe becomes a *member* of the fund and the time when he is *eligible to receive* funds.

In 1953[2] and 1955,[3] after *Haldeman* and *McBride,* the Legislature amended the Act of 1937. However, the phrase ". . . eligible to receive a retirement allowance . . ." remained.

---

[2] Act of July 28, 1953, P. L. 723, §1716, 16 P.S. 4716(c).

[3] Act of May 31, 1955, P. L. 111, §1, 16 P.S. 4716(c).

We can assume that in its careful preparation of the amendment the Legislature was aware of the distinction drawn in Pennsylvania Supreme Court cases between "membership" in the fund and "eligibility to receive" money from the fund and it did not intend to bar any employe from membership and the ultimate benefits to be obtained by his participation as a county employe in the county retirement program.

This is consistent with the purpose of the retirement system. ". . . [T]he basis on which these [retirement] acts are funded is neither charitable nor benevolent; they are founded on faithful, valuable services rendered to the Commonwealth over a long period of years. . . . These appropriations are for delayed compensation for these years of continued service actually given in the performance of public duties in their respective capacities. . . ."

For these reasons, we affirm the order of the lower court and direct the Retirement Board of Allegheny County to pay retirement benefits to the appellees for their entire period of service, upon the payment by the appellees of the money they would have contributed had their membership not been wrongfully terminated.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. My reason for doing so can be briefly stated.

The Supreme Court held in *Scott v. Allegheny County Retirement Board*, 439 Pa. 249, 266 A. 2d 644 (1970), that the Act of December 13, 1967, P. L. 722, §1, 16 P.S. §4716, did not have retroactive application. Consequently, I do not believe that making an artificial distinction between membership in the retirement system and eligibility to receive benefits from the retirement system should provide the retroactive application disallowed in *Scott*.

It is my conclusion that, if one is not eligible for benefits under a retirement system, he is not eligible for membership therein. You can't have one without the other.

Judges WILKINSON and BLATT join in this dissent.