M. & E. Enterprises, Inc. *v.* Township of Franklin Zoning Hearing Board and Township of Franklin and Louis Perry, Jr., and Ella Mae Perry, his wife, and Paul M. Thomas and Susan Thomas. M. & E. Enterprises, Inc., Appellant.

586

Submitted on briefs January 21, 1975, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Thomas' E. Rodgers,* with him *R. H. Buchman,* for appellant.

*Henry A. Hudson, Jr.,* with him *Hudson and Harr,* for appellee.

*James C. Tallant,* with him *Jones, Tallant and Bailey,* for intervening appellee.

MEMORANDUM OPINION AND ORDER BY JUDGE KRAMER, March 10, 1975:

This opinion is restricted solely to a motion to quash. It involves an appeal filed by M. & E. Enterprises, Inc. (M. & E.) from an order, dated and filed October 3, 1974, by a single judge of the Court of Common Pleas of Westmoreland County, which affirmed an adjudication of the Franklin Township Zoning Hearing Board (Township). There were no post-trial exceptions or other pleadings filed from the order of the court below. On October 21, 1974, M. & E. filed an appeal with this Court. The Township filed a motion to quash based upon its argument that the order of the lower court was not a final order, and that, therefore, the appeal by M. & E. was premature. By order of this Court, dated November 29, 1974, the motion to quash was submitted for determination without argument upon the filing of briefs.

The Township contends that a final order of the Court of Common Pleas would have to be an order of the court en banc after exceptions to the decision of the hearing judge have been filed and considered by the court en banc. The Township notes that the local rules of court provide that all proceedings shall conform, as nearly as possible to the Rules of Civil Procedure relating to assumpsit, which in Pa. R.C.P. No. 1038 provide for the filing of exceptions within 20 days after notice of the filing of the decision, or absent such exceptions, the entry of final judgment by the prothonotary. In the instant case no exceptions were filed and judgment was not entered. Therefore, the Township argues that the order involved is not final. In support of its argument the Township points to the decisions of this Court in *Kane v. Allegheny County Retirement Board,* 7 Pa. Commonwealth Ct. 262, 299 A.2d 686 (1973) ; *McKay v. North Huntingdon Town-*

*ship Board of Adjustment,* 2 Pa. Commonwealth Ct. 609, 279 A.2d 376 (1971) ; and *Cameron v. Board of Adjustment of the City of Greensburg,* 1 Pa. Commonwealth Ct. 210, 274 A.2d 258 (1971).

*Kane, supra,* is not applicable to the instant case because it involved an action in mandamus to compel the Retirement Board of Allegheny County (Board) to pay retirement benefits to certain individuals. In *Kane,* the lower court ordered the Board to pay said retirement benefits, and we stated that the Board should have filed a praecipe for the entry of final judgment before filing its appeal. Pa. R.C.P. Nos. 1091-1099 govern procedure in mandamus actions and clearly provide that the rules relating to assumpsit (including Pa. R.C.P. Nos. 1038 and 1039) are applicable.

*Cameron, supra,* and *McKay, supra,* both dealt with the Pennsylvania Municipalities Planning Code (Code),[1] before its recent amendment[2] and, therefore, the specific statutory interpretation involved in those cases is not relevant to the instant case. Nonetheless, we believe the

---

1.  Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq.

2.  The amendments repealed the specific provision governing time periods for appeals to appellate courts, and such appeals are now governed  by the Appellate Court Jurisdiction Act (ACJA), Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.101 et seq. (Supp. 1974-1975). Section 402(4) of the ACJA, 17 P.S. §211.402(4) (Supp. 1974-1975) grants this Court exclusive jurisdiction over appeals from "final orders" of the courts of common pleas in zoning matters. Section 502(a) of the ACJA, 17 P.S. §211.502(a) (Supp. 1974-1975) reads as follows:

> "Except as otherwise provided in this section an appeal under this act from any order shall be filed within thirty days of its entry."

Thus the ACJA gives this Court jurisdiction over all zoning appeals filed within thirty days of the entry of a "final order" by the court of common pleas. There is no requirement that judgment be entered before appealing from a "final order" in a zoning case.

general principles set forth in *McKay* and *Cameron* are still valid.

In *Cameron, supra,* an order was entered by a single judge of the lower court, exceptions were timely filed, and the court en banc sustained the original order. An appeal was filed within 30 days of the order of the court en banc, but more than 30 days from the original order by the single judge. The appellee in Cameron filed a motion to quash, alleging that the appeal was late because it was filed more than 30 days after the original order. This Court denied the motion to quash, holding, in effect, that if exceptions are timely filed and disposed of by the court en banc, then the appeal period starts to run at the time of the court en banc's order. We specifically held in *Cameron* that a final decision by a court in a zoning case could be either a decision by a single judge or the court en banc. We believe that the holding is still valid under section 402 of the ACJA, 17 P.S. §211.402 (Supp. 1974-1975). We also believe that our holding in *Cameron, supra,* compels our conclusion in the instant case that the order of the single judge to which no exceptions were taken, was a final and appealable order.

In *McKay, supra,* the procedure in the lower court was exactly the same as in *Cameron, supra,* except for the fact that the court en banc disposed of the exceptions by holding that it did not have jurisdiction to consider them. In *McKay,* we followed our decision in *Cameron* and held that the time period for the appeal was 30 days from the decision of the court en banc which disposed of the exceptions. In *McKay,* however, we held that the lower court erred in holding that it did not have jurisdiction to consider the exceptions, and that it was bound by its own ruling providing that such exceptions "shall be placed on the court en banc argument list." Therefore, we remanded the case for consideration of the exceptions by the court en banc. In the instant case no exceptions were filed, and the local rule cited to us by the Township

does not provide that exceptions *must* be filed in a zoning case.

We believe that the decision of this Court in *Big Bear Oil Company v. Zoning Board of Adjustment of Greenville*, 2 Pa. Commonwealth Ct. 33, 277 A.2d 166 (1971) is dispositive of the instant case. In *Big Bear, supra,* an order was entered by the lower court which dismissed a zoning appeal by Big Bear Oil Company (Big Bear) but also provided for an allowance of exceptions to the court's ruling. Big Bear did not file exceptions but eventually did file a praecipe requesting entry of judgment in favor of the Zoning Board of Adjustment. Judgment was entered, and Big Bear appealed within 30 days of the judgment but more than 30 days from the entry of the order by the lower court. This Court granted a motion to quash holding that the appeal was late because the proper time period for the appeal was 30 days from the order of the lower court.[3] In the instant case, as in *Big Bear, supra,* no exceptions were filed and therefore, as in *Big Bear,* the proper time period for the appeal was 30 days from the filing of the order by the lower court. The entry of judgment is not necessary in zoning cases in order to appeal from a final order of court.

Our holding in this case should not be interpreted as imposing any new limitations upon the power of the local courts to regulate the disposition of zoning cases. *See* Ryan, *Pennsylvania Zoning Law and Practice* (1972), section 9.52. A court of common pleas may permit or require exceptions to be filed and reviewed by the court en banc. Our decision in the instant case is merely an affirmation of our holding in *Cameron, supra,* that a final appealable order in a zoning case may be either by a single judge or the court en banc. If no exceptions are

---

3. Judge MANDERINO (now Justice MANDERINO) dissented in *Big Bear, supra,* arguing that the allowance of exceptions by the lower court meant that its order was not final and not appealable, even though exceptions were not filed.

taken to an order by a single judge, then the appeal period runs from the entry of that order. If, however, the decision of a single judge is (a) required to be reviewed by the court en banc or (b) in fact is reviewed by the court en banc, then the appeal period runs from the entry of its decision en banc. *See* Ryan, *supra,* section 9.54. Under our holding herein, if exceptions are permitted but not required, the filing of an appeal by one party would cut off any other party's right to file exceptions in the lower court. If exceptions are timely filed (under local court rules either permitting or requiring exceptions), then the appeal period is expanded to thirty days from the entry of the final order on such exceptions.

In summary, we hold that M. & E. was not required to file exceptions in this case, and that M. & E.'s appeal is not premature. Therefore, the Township's motion to quash must be denied. In accordance with the above, we therefore

### ORDER

AND Now, this 10th day of March, 1975, the motion to quash filed by the appellees in the above-captioned case is hereby denied, and it is ordered that this matter be placed on the next available argument list.