C. B. Company, a partnership consisting of Dario Castelli, Victor Castelli and James Castelli, partners and Consolidation Coal Company, a corporation *v.* Rostraver Township Zoning Hearing Board. "Keep Our Zoning", Appellant.

Argued December 7, 1979, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

Bradley W. Bassi, with him Melvin B. Bassi, Bassi and Rega, for appellant.

Bernard S. Shire, with him Lee P. Symons and Joseph E. Fieschko, Jr., for appellees.

OPINION BY JUDGE CRAIG, February 5, 1980:

Again we have the question of whether the 30-day time period for appealing to this court[1] in a zoning case must be computed from the date of the hearing judge's order, as the final order, or from the later action of a lower court en banc as the final order. And again the question comes to us from the Common Pleas Court of Westmoreland County.

The Zoning Hearing Board of Rostraver Township had denied a request by C. B. Company and Consolidation Coal Company for a variance to allow the reinstitution of coal mining on property in that township. An appeal by the coal companies to the common pleas court was heard by Judge McCORMACK, whose opinion and order allowed the intervention of the citizens' group (objectors) who are petitioners here, and also granted the variance by sustaining the appeal, under date of January 23, 1979.

---

[1] Pa. R.A.P. 903(a).

Objectors, on February 5, 1979, filed exceptions in the lower court. In response to a motion by counsel for the coal companies to strike the case from the argument list, the lower court issued an en banc order dated June 4, 1979, which removed the case from that list. Objectors filed their appeal in this court June 20, 1979, within thirty days after the court en banc decision below, but not within thirty days after the hearing judge's decision of January 23.

We have held that a zoning appeal in this court will be dismissed if not filed within 30 days after the decision of the single judge in the court below where the lower court has decided that the single-judge order is the final one and that exceptions before its court en banc are not permitted. *Szura v. Zoning Hearing Board of Wyoming Borough,* 40 Pa. Commonowealth Ct. 172, 397 A.2d 33 (1979). That is precisely what has happened here.

Objectors' chief argument is that the applicable Westmoreland County local rule is not clear. Adopted under the statutory power of common pleas courts to make binding rules, 42 Pa. C.S. §323, the critical local rule is Westmoreland County Court of Common Pleas Rule W501, headed "Court en banc", which provides that argument lists shall automatically include, without praecipe, "all preliminary objections, motions for new trial, judgment non obstante veredicto, and judgment upon the whole record, motions to take off a nonsuit, exception to a Master's reports and equity exceptions." Although that listing does not appear to embrace post-trial motions in zoning cases or other statutory appeals, objectors argue that reference to statutory appeals is absent.

Logically, we should defer to a lower court's interpretation of its own rules. In its opinion filed in this case, the court below construes Rule W501 to ob-

viate any provision for court en banc consideration of zoning decisions, pointing out that it was written consciously to omit the phrase "exceptions to adjudications or findings of a judge sitting without a jury" which had been in the wording of the predecessor rule, Rule 504. We are told by the court below that:

> This omission was not an accident, but was rather a response to the decisions made by the Commonwealth Court in Cameron v. Board of Adjustment of the City of Greensburg, 1 Pa. Commonwealth Ct. 210, 274 A.2d 258 (1971), and McKay v. North Huntington Township Board of Adjustment, 2 Pa. Commonwealth Ct. 609, 279 A.2d 376 (1971).

Both of the cases cited were also appeals from the Court of Common Pleas of Westmoreland County. In *Cameron, supra,* we noted that the statutory appeal period is to be measured from a final decision which may be that of either a single judge or a court en banc; we held that we would not quash an appeal where the lower court en banc chose to enter the final decision and the appeal was timely filed from that decision. Thereafter, with Westmoreland County's former Rule 504 still in effect, in *McKay, supra,* we also refused to quash an appeal, declining to agree with a refusal of a court en banc in Westmoreland County to hear argument of exceptions filed with it; our reason was that the former rule indicated, as quoted above, that exceptions to all adjudications of a single judge were to be placed before the court en banc. Thus holding that Westmoreland County was bound by its former rule, we also noted that it could change its rule by following the usual court rule amendment procedures "making it quite clear to members of the Bar that its local rules as to final orders in zoning matters have been changed." *McKay,* 2 Pa. Commonwealth Ct. at 614, 279 A.2d at 378.

According to the lower court opinion below, the Common Pleas Court of Westmoreland County replaced its Rule 504 with Rule W501, effective January 1, 1974, in response to our decisions. Thus it was Rule W501 which was apparently in effect when another zoning case was decided in Westmoreland County by a single judge order dated in October, 1974; when the appellant came directly to this court from that order, we refused to quash the appeal, concluding that the local rule did not provide that exceptions must be filed and argued before the court en banc in a zoning case. *M & E Enterprises, Inc. v. Township of Franklin*, 17 Pa. Commonwealth Ct. 585, 333 A.2d 523 (1975).

The lower court opinion now tells us that, with the adoption of Rule W501, "the Common Pleas Court of Westmoreland County intended to disallow exceptions to be taken in zoning cases to the Court En Banc so that the decision of a single judge would be final" in zoning cases.

There is no doubt that a literal reading of Westmoreland County Rule W501 shows that its terms do not include exceptions from a statutory appeal adjudication, but we confess to being troubled by objectors' argument that it could be construed as being limited to listing those matters which "automatically" go to the court en banc "without praecipe", thus leaving open the possibility that a litigant may have the option to defer the final order by taking a zoning appeal adjudication to the court en banc by praecipe.[2]

---

[2] The Westmoreland County en banc argument list which below included this case, although not strictly part of the record before us, has been proffered by objectors; it contains one or more captions of other zoning cases, thereupon decided on their merits, according to counsel for objectors. However, we have no indication that the issue here was raised in those cases, and the list alone is not conclusive as to the proposition that other judges and counsel are confused about Rule W501 in zoning cases.

With that possibility extant, objectors here cite Westmoreland County Rule 6000 which states that, except as otherwise provided by statute or rule of court, "pleadings in all actions or proceedings of whatsoever nature shall as nearly as possible conform to the rules relating to assumpsit." Objectors couple that residuary local rule with Pa. R.C.P. 1038(d), pertaining to assumpsit, which allows exceptions to the decision of a judge sitting without jury, if filed within 10 days. Yet that argument does not avail if Westmoreland County Rule W501 is to be deemed to provide "otherwise." Moreover, the exceptions here were not filed within the ten-day period required by Pa. R.C.P. 1038(d).

In the words we used in *McKay, supra,* we are not sure that the Court of Common Pleas of Westmoreland County has succeeded in making it "quite clear to members of the Bar that its local rules as to final orders in zoning matters have been changed."

However, we are constrained to consider the particular common pleas court as the most respected (if not absolute) authority as to the meaning of its own rules, absent manifest error. *Bair & Gazzam, Lim. v. Hubartt,* 139 Pa. 96, 21 A. 210 (1891); *Caples v. Klugman,* 202 Pa. Superior Ct. 517, 198 A.2d 342 (1964). Moreover, our *M & E Enterprises* decision, *supra,* clearly approving a zoning appeal from a single-judge order in Westmoreland County, was filed March 10, 1975 and was published in 1975, well before the 1979 proceedings here.

Accordingly, we will affirm the lower court's order removing this case from its own en banc argument list.

### Order

Now, this 5th day of February, 1980, the order of the Court of Common Pleas of Westmoreland County dated June 4, 1979 is affirmed.

Judge DiSALLE did not participate in the decision in this case.