The Borough of Ligonier, Appellant *v.* Holy Trinity Housing, Inc., Appellee.

Heard February 11, 1982 by Judge CRAIG.

Robert P. Lightcap, McDonald, Moore & Mason, for appellant.

Joel P. Aaronson, Baskin & Sears, for appellee.

MEMORANDUM OPINION BY JUDGE CRAIG, February 16, 1982:

This is, at least, the fifth case in this court from the Westmoreland County Court of Common Pleas presenting the same question: In statutory zoning appeal proceedings, for the purpose of computing the start of the thirty-day period during which an appeal to this court must be filed, which action of the common pleas court is final—the decision and order of the single judge who heard the case, or a decision of the common pleas court en banc entered after argument upon exceptions?

Here, a judge of the common pleas court, on October 8, 1980, entered a decision holding Ligonier Borough's ordinance to be invalid and exclusionary in relation to an attack filed by Holy Trinity Housing, Inc. The borough filed exceptions on October 20, and, two months later, after serving a brief upon exceptions, also filed, on December 19, 1980, a praecipe to place argument of the exceptions on the next available court en banc argument list. Holy Trinity's subsequent motion to strike the borough's exceptions from the argument list was denied by two judges of the common pleas court, en banc, a third judge dissenting. After a further decision of the common pleas court en banc, which dismissed the exceptions, the borough filed its appeal to this court December 4, 1981.

We now have Holy Trinity's motion to quash that appeal, on the ground that it was not filed within

thirty days after the October 8, 1980 decision below, which Holy Trinity claims was the final decision from which any appeal had to be taken. Holy Trinity relies upon *C. B. Company v. Rostraver Township Zoning Hearing Board,* 49 Pa. Commonwealth Ct. 204, 410 A.2d 1298 (1980), in which both the Common Pleas Court of Westmoreland County and this court held that exceptions to a zoning decision in that county must be struck off because a single judge's decision is the final one from which the appeal is to be taken.

Because no statute or Rule of Civil Procedure expressly requires a decision upon exceptions in a zoning case, the most common practice statewide is that the hearing judge's decision is the final one. The only departures from that general rule have arisen where a local rule of court provides for exceptions leading to a decision by a court en banc.

In *Cameron v. Board of Adjustment of the City of Greensburg,* 1 Pa. Commonwealth Ct. 210, 274 A.2d 258 (1971), we refused to quash the appeal, in view of Westmoreland County's interpretation of its own practice pursuant to which that zoning case was finally decided by the lower court en banc. Then, in *McKay v. North Huntington Township Board of Adjustment,* 2 Pa. Commonwealth Ct. 609, 279 A.2d 376 (1971), the Westmoreland County Court of Common Pleas refused to consider exceptions in a zoning case, despite its own local Rule 504, which appeared to send all non-jury cases to the court en banc upon exceptions; we refused to quash the appeal, opting for consistency with the *Cameron* interpretation.

Thereafter, the Common Pleas Court of Westmoreland County replaced its Rule 504 with Rule W501, effective January 1, 1974. Accordingly, in *M & E Enterprises, Inc. v. Township of Franklin,* 17 Pa. Commonwealth Ct. 585, 333 A.2d 523 (1975), concluding that there was no further local mandate for exceptions

in zoning cases, we refused to quash an appeal from the hearing judge's decision.

Consistently, in *C. B. Company,* the common pleas court struck off exceptions in that zoning case, explicitly stating that, with the adoption of Rule W501, "the Common Pleas Court of Westmoreland County intended to disallow exceptions to be taken in zoning cases to the Court En Banc so that the decision of a single judge would be final" in zoning cases. Accordingly, in *C. B. Company,* recognizing the court below as the best authority for the interpretation of its own rules, we affirmed that court's rejection of exception proceedings.

But, in this case, we now have a majority opinion from the court below which appears to reverse its field and again allow exceptions in a zoning case. That opinion departs from the holdings of both courts in the *C. B. Company* case. Here the majority below notes a reference, in our *C. B. Company* opinion, to the possible significance of the filing of a praecipe; however, we mentioned the point only in connection with our *rejection* of an argument on that score. Where the common pleas court rule establishes the single judge's decision as the final one, the filing of a praecipe, whether immediately or (as here) later, cannot reach back to affect the finality of that decision. In *Szura v. Zoning Hearing Board of Wyoming Borough,* 40 Pa. Commonwealth Ct. 172, 397 A.2d 33 (1979), we sua sponte dismissed a zoning appeal because it had not been taken from the single judge's decision, concluding that, when the appeal time has expired, we lack jurisdiction to entertain an appeal.

We must agree with the dissenting opinion of Judge LOUGHRAN below, that, since the *C. B. Company* decision by this court (published early in 1980), "the procedure for zoning case appeals had become clear" in Westmoreland County. The procedural history of

this case is parallel with that of the *C. B. Company* case in all essentials.[1]

This court cannot appropriately contribute to a renewal of the confusion which heretofore was eliminated by Westmoreland County's revision of its rules and its own interpretation, with which we agreed. Therefore, the motion to quash must be granted.

ORDER

Now, February 16, 1982, the motion of appellee Holy Trinity Housing, Inc. to quash this appeal is granted.

---

[1] In the *C. B. Company* case we dealt with other arguments strongly renewed here, considering also the contention that the Westmoreland County local rules look to assumpsit procedure generally, including Pa. R.C.P. No. 1038, unless there are other provisions of the local rules indicating otherwise—such as Rule W501