509 A.2d 981

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Southeast Delco School District, Appellee.

Argued April 7, 1986, before Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*J. Matthew Wolfe,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Peter J. Nolan,* for appellee.

OPINION BY SENIOR JUDGE KALISH, May 28, 1986:

The Department of Transportation (DOT) appeals an order of the Common Pleas Court of Delaware County, which dismissed its preliminary objections to the Southeast Delco School District's (School District) petition for the appointment of viewers. The common pleas court found that a *de facto* taking did occur as of October 15, 1981, and ordered the Board of Viewers to proceed to determine damages. We reverse.

Since 1979, the School District contemplated building a high school on a plot of ground which it owned. Between 1981 and 1984, DOT advised the School District that it contemplated taking a portion of its plot for a bridge and road construction. There were public announcements of this intended improvement. Hearings were held, at which condemnation appeared imminent. There was appraisal activity in the area, and the School District was advised concerning the estimated just compensation.

DOT furnished the School District with a plan which showed that portion of the plot which was to be taken for the improvement. Based on this plan the School District adjusted its construction plans. The new school was completed in 1984. The construction did not include that portion of land to be taken by DOT according to the plan.

The School District contends that DOT, although clothed with the power of eminent domain but prior to

its formal exercise, engaged in conduct which impinged upon the beneficial use of its property, and resulted in a diminution of value. Thus, the School District seeks compensation on the basis of a *de facto* taking.

Our scope of review is to determine whether the findings are supported by substantial evidence and whether an error of law was committed. *Petition of Ramsey,* 31 Pa. Commonwealth Ct. 182, 375 A.2d 886 (1977).

Although recognizing the need to balance the flexibility of planning agencies with that of the property owner, our courts have not set down any hard-and-fast rules in determining a *de facto* taking. It depends on the factual situation in each case. However, our courts have concluded that the recording of final plans, even when accompanied by newspaper articles, agency announcements, plans awaiting the Governor's approval, negotiations with owners, and real estate appraisals are not sufficient to constitute a *de facto* taking. *Commonwealth Appeal,* 422 Pa. 72, 221 A.2d 289 (1966); *Department of Transportation v. Securda & Company, Inc.,* 16 Pa. Commonwealth Ct. 40, 329 A.2d 296 (1974); *Hazleton Redevelopment Authority v. Hudock,* 2 Pa. Commonwealth Ct. 670, 281 A.2d 914 (1971).

But, where such situations were accompanied by extraordinary circumstances which would result in the actual loss of the property, such as loss of tenants, loss of income, or mortgage foreclosure, it has been held to constitute a *de facto* taking. *Conroy-Prugh Glass Co. v. Commonwealth,* 456 Pa. 384, 321 A.2d 598 (1974); *Department of Transportation v. Standard Investments Corp.,* 80 Pa. Commonwealth Ct. 649, 472 A.2d 282 (1984), *aff'd* 506 Pa. 337, 485 A.2d 392 (1984); *Peter Roberts Enterprises, Inc. v. Department of Transportation,* 31 Pa. Commonwealth Ct. 479, 376 A.2d 1028 (1977).

Unlike the above situations, the facts in this case show that the imminence of condemnation did not threaten the School District with the actual loss of its property. In fact, the School District did use the remaining property for its intended use, even though a portion of the entire property was within the recorded right of way.

Had the School District developed the plot as originally planned (although it would have been unrealistic), it would have been compensated for any improvements made thereon when its property was formally condemned. *Securda.* Furthermore, discussions with DOT by the School District in no way affected its rights under the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101—1-903. It was still the School District's decision where to construct the school. *See County of Allegheny v. The Church of Jesus Christ,* 14 Pa. Commonwealth Ct. 510, 322 A.2d 803 (1974).

The School District's contention relates more to a diminution in value due to the imminence of condemnation, rather than a taking. This is provided for in section 604 of the Code, 26 P.S. §1-604, which states that where property has declined in value due substantially to the imminence of condemnation, then such decline shall not be considered in determining fair market value. Of course, this relates to compensation, rather than the issue of whether a taking occurred. *Visco v. Department of Transportation,* 92 Pa. Commonwealth Ct. 102, 498 A.2d 984 (1985).

Accordingly, we hold that a *de facto* taking did not occur, and we reverse.

## ORDER

Now, May 28, 1986, the order of the Court of Common Pleas of Delaware County, No. 84-2075, dated October 4, 1984, is reversed.