Overlook Associates, Appellant *v.* New Freedom Borough Council, Appellee.

Argued February 1, 1984, before Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Edward B. Golla,* for appellant.

*Harry L. McNeal, Jr.,* for appellee.

OPINION BY JUDGE BARRY, May 3, 1984:

The case before us is an appeal by Overlook Associates (appellant) from an order of the Court of Common Pleas of York County in which that court refused appellant's request that it appoint a referee to examine a preliminary subdivision plan, assemble a record, and make factual findings on each of the reasons for which New Freedom Borough Council (appellee) disapproved the subdivision plan submitted to it by appellant. The trial court made the determination that appellant did not show what factual issues required the presentation of additional evidence, which showing is a prerequisite to the appointment of a referee under Section 1010 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11010, which provides:

> If upon motion it is shown that proper consideration of the zoning appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence or may remand the case to the

body, agency or officer whose decision or order has been brought up for review or may refer the case to a referee to receive additional evidence provided that appeals brought before the court pursuant to sections 1004 and 1005 shall not be remanded for further hearings before any body, agency or officer of the municipality. If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence or appoint a referee to take additional evidence, the findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence. If the record does not include findings of fact, or if additional evidence is taken by the court or by a referee, the court may make its own findings of fact based on the record below as supplemented by the additional evidence, if any. (Footnote omitted.)

When the court of common pleas determined that appellant had not shown specifically which factual issues required the presentation of additional evidence, nor addressed the legal bases of its appeal, as required by the Rules of Court of York County and specifically Rule 32(c)(4),[1] it deemed those bases waived and subsequently dismissed the entire appeal. It is appellant's position that the motion before the common pleas court was whether to grant a hearing de novo. If that motion had been granted, the issues would have been briefed. If that motion was denied, the parties should have been given an opportunity to brief the issues listed in the notice of appeal. Appellant contends,

---

[1] York County Rule of Court 32(c)(4) states: "Failure of any party or counsel to timely file and serve a brief in support of, or in opposition to, any issue raised in the case shall constitute a waiver of the position of such party as to such issue."

and we agree, that the common pleas court erred in dismissing the entire appeal.

Appellant pointed out in its brief to the court of common pleas that due to the approximately sixty objections to the appellee's decision to disapprove appellant's subdivision plan, a very cumbersome brief would be required. It admits, however, that it would be possible to brief each issue should the court determine that a referee should not be appointed to crystallize and, perhaps, reduce the number of issues involved. We are aware of the fact that counsel for the appellant could have briefed the issues involved in its notice for appeal in the alternative in order to preclude the possibility that the common pleas court might determine that issues which were not briefed were waived under York County rules, but we are also reluctant to permit too stringent an interpretation of local rules which might result in depriving litigants of rights which they possess but may not have guarded zealously enough.

We are mindful of our decision in *C.B. Co. v. Rostraver Township Zoning Hearing Board,* 49 Pa. Commonwealth Ct. 204, 209, 410 A.2d 1298, 1300-01 (1980) (emphasis added), where we stated that we should defer to a trial court's interpretation of its own rules, and concluded "we are constrained to consider the particular common pleas court as the most respected (if not absolute) authority as to the meaning of its own rules, *absent manifest error",* but our overriding concern must be to provide litigants with a full and fair opportunity to exercise all their rights. We do not overrule *C.B. Co. v. Rostraver Township Zoning Hearing Board,* but choose not to apply it in a situation where the literal enforcement of a common pleas rule will create a due process problem.

Therefore, we have determined that this case should be remanded to the Court of Common Pleas of

York County in order to permit the parties to fully explore the factual issues which remain in dispute.[2]

ORDER

Now, May 3, 1984, the order of the Court of Common Pleas of York County dated May 26, 1983, in Zoning Appeal No. 81-S-4612, is hereby vacated and the matter remanded to that court for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[2] It has been pointed out in appellee's brief that appellant took his appeal from the decision of the New Freedom Borough to the court en banc rather than to argument court before one judge. We regard this procedural error as harmless.